UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Sherman, M.J. |
| | : | |
| v. | : | **MEMORANDUM IN OPPOSITION TO** |
| | : | **MOTION TO RELEASE FUNDS** |
| | : | **DEPOSITED WITH THE REGISTRY OF** |
| MALEASE FOODS CORP., | : | **THE COURT** |
| | : | |
| Defendant. | : | |

Pursuant to the Federal Rules of Civil Procedure and Local Rule 77.2, Plaintiff The Kroger Co. ("Kroger") moved this Court to accept and escrow a payment of $50,000.00 that is currently under dispute in the above action. The court granted the motion. Now, Defendant Malease Foods Corp. ("Malease") has moved to release these funds to Malease. Malease's motion should be denied for two reasons: (1) the funds are in dispute in the current action and (2) the court has a mechanism through the Registry under facts such as these to escrow funds that are in dispute, until the dispute is resolved.

Courts provide compensating protection of a reasonable secured bond, escrow deposit, or other mechanism when monies or property is in dispute. The purpose is to maintain the status quo during litigation. *See, e.g., General Box Company v. Rockaway Corp.*, 772 F.2d 906 (6th Cir. 1985), *citing Washington Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 476 (9th Cir. 1969), *citing Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 808-809 (9th Cir. 1963), *cert. denied*, 375 U.S. 821 (1963).

This payment is related to the pending action between Kroger and Defendant Malease Foods Corp. ("Malease"). This action concerns the ownership of three industrial facilities.

Kroger has owned fee title to the facilities, which in turn have been leased to Malease and subleased back to Kroger.  Under the terms of the underlying agreements, all rents accrue in arrears and are paid semi-annually on April 1 and October 1 of each year.

The status quo on April 1, 2003, the date where the dispute arose when Malease refused to perform its obligations was that Kroger had paid all of its rents due to Malease.  The net amount that would be due to Malease for the period April 1, 2003 through September 30, 2003 had Kroger owed Malease rent for that period is $50,000.00.

But in this action, Kroger disputes that Malease was at any time entitled to this additional $50,000.00.  Had Malease performed its obligations under the three Lease Agreements dated April 1, 1983, Kroger would have owned Malease's interests in the properties on April 1, 2003 and any monies due under the Lease Agreements dated April 1, 1983 would have been the sole property of Kroger.  What's more, Malease's breach of its obligations has damaged Kroger well in excess of $50,000.00, at a rate that is increasing due to Kroger's inability to alienate the property.  It is only to prevent Malease from making a claim that Kroger has failed to meet its rental obligations under the three Lease Agreements dated April 1, 1983 and prevent unnecessary delay in the action that Kroger put this disputed $50,000.00 into the court registry.

Malease argues in its Motion that "until such time as the respective positions of both Malease and Kroger are adjudicated on the merits, neither side should enjoy any unfair advantage."  Kroger agrees with this statement.  That is the purpose of escrow.  Escrow ensures that <u>neither</u> side gets the benefit of the use of these funds that are in dispute until the case is adjudicated.

Malease avoids the case law entirely. That is because the case law makes clear that courts provide compensating protection of a reasonable secured bond, escrow, deposit, or other mechanism when monies or property is in dispute.

All that Malease ventures as a rationale is its own "naked contention" that it may prevail at trial, and be entitled to the rents, rather than to pay Kroger for its breaches of its contractual obligations that predate any supposed due rent.

Because the case law is clear, and because the funds are in dispute in this action, the escrow amount should not be paid out to Malease or anyone until this action is adjudicated or otherwise resolved.

                                    Respectfully submitted,

                                    /s/ Douglas R. Dennis_____
                                    Scott D. Phillips  (0043654)
                                    Trial Attorney for Plaintiff
                                    FROST BROWN TODD LLC
                                    2200 PNC Center
                                    201 East Fifth Street
                                    Cincinnati, Ohio 45202
                                    (513) 651-6983

OF COUNSEL:
Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Gary R. Winters, Esq. | Robert W. Cinque, Esq. |
| McCaslin, Imbus & McCaslin | Cinque & Cinque |
| 900 Provident Bank Building | 845 3rd Avenue, Suite 1400 |
| 632 Vine Street | New York, NY  10022 |
| Cincinnati, OH 45202-2442 | |

                                          /s/ Douglas R. Dennis

CinLibrary/1353600.1