UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Kroger Co., | : | Case No.: 0-1-02 439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Sherman, M.J. |
| 5. | : | |
| | : | **MALEASE'S REPLY MEMORANDUM** |
| Malease Foods Corp., formerly | : | **IN SUPPORT OF MOTION TO** |
| known as Malese Foods Corp., | : | **RELEASE FUNDS DEPOSITED** |
| | : | **WITH THE REGISTRY OF** |
| Defendant. | : | **THE COURT** |

_____

The two reported decisions cited by Kroger in its opposition memorandum are completely beside the point and do not offer any support for Kroger's refusal to pay the rent admittedly due.

General Box Company v. Rockaway Corp., 772 F.2d 906 (6th Cir. 1985), is listed in the Federal Reporter as a decision without published opinion and is of no precedential value. Washington Capitols Basketball Club, Inc. v. Barry, 419 F.2d 472, 476 (9th Cir. 1969), involved an injunction to maintain the status quo against a unique star basketball player involved in a contractual dispute between the team he was playing for and the team that would like to sign him. Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 808-

809 (9th Cir. 1963), *cert. denied*, 375 U.S. 821 (1963), involved a dispute between Avis Rent-A-Car and its exclusive licensee where Avis terminated the license and then opened competing car rental agencies in the exclusive licensee's territory. The Court of Appeals vacated a preliminary injunction upon the ground that it gave plaintiff substantially all the injunctive relief that it could have received after a trial on the merits and thus was an abuse of discretion.

In the matter at bar there is a simple contract dispute between a landlord and a tenant. Malease as landlord has at all times performed its contractual obligations as landlord and continues to do so. Kroger as tenant has the concomitant obligation to pay the rent reserved under the lease. Until such time as this Court determines otherwise the parties are obligated by the contracts they signed. It is hornbook law that a tenant cannot avoid paying rent even where the landlord has allegedly breached the lease, as long as the tenant is in possession of the premises. See, e.g., Edgerton v. Page, 20 N.Y. 281, 284 (1859) (annexed hereto as Exhibit "A"):

> In this case, the answer shows that the defendant continued to occupy the premises for the whole time for which the rent demanded accrued... I cannot see upon what principle the landlord should be absolutely barred from a recovery of rent, when his wrongful acts stop short of depriving the tenant of the possession of any portion of the premises. The injury inflicted may be to an amount much larger than the whole rent, or it may be of a trifling character. In all the cases where it has been held that the rent was extinguished or suspended,

>  the tenant has been deprived, in whole or in part, of the
>  possession by the wrongful act of the landlord, either actually
>  or constructively.  There is no authority extending the rule
>  beyond this class of cases.

As Kroger is in possession of the premises it is obligated to pay rent to its landlord Malease and is not entitled to avoid this obligation by escrowing the rent.  In addition, Article V of the lease between the parties (Exhibit "B" hereto) requires the rent to be paid to Malease without any offsets.  The escrow requested by Kroger would effectively abrogate this contractual provision.

Both Kroger and Malease have made substantial damage claims against each other in a sum in excess of $50,000.00.  At this time, neither side is entitled to have an escrow established to secure what it hopes will be a favorable outcome in this lawsuit, especially since Kroger is obligated to pay rent as it becomes due both as a matter of law and of contract.

As noted in Malease's motion this Court granted the Kroger request for an escrow within days of the time it filed its motion and before Malease had any opportunity to respond.  Now that the positions of the parties have been placed before the Court it is clear that Kroger as tenant has no legal basis for what is in essence a pre-judgment attachment of all rents due Malease as landlord, and Malease respectfully requests that the Court enter an Order that the accrued rent due be immediately paid to it and that Kroger pay all rent to become due during the course of this litigation until such time there is an

Order of the Court determining otherwise.

DATED: NEW YORK, NEW YORK
       DECEMBER 22, 2003

                                    Respectfully submitted,

                                    /s/ Robert W. Cinque
                                    Robert W. Cinque
                                    Attorneys for Defendant
                                    Admitted Pro Hac Vice
                                    845 Third Avenue, Suite 1400
                                    New York, New York 10022
                                    Telephone No.: (212) 759-5515
                                    Telefax No.:    (212) 759-7737
                                    E-mail:  CINQUE845@aol.com

                                        -and-

                                    R. Gary Winters 0018680
                                    Attorneys for Defendant
                                    McCASLIN, IMBUS & McCASLIN
                                    Suite 900 Provident Bank Building
                                    632 Vine Street
                                    Cincinnati, Ohio 45202-2442
                                    Telephone No.: (513) 421-4646
                                    Telefax No.:    (513) 421-7929
                                    E-mail: RGWinters@mimlaw.com

## CERTIFICATE OF SERVICE

      This is to certify that on December 22, 2003, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system., 2003 to:

Douglas Dennis, Esq.
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
Attorney for Plaintiff

                                            CINQUE & CINQUE, P. C.

                                            By: /s/ Robert W. Cinque