20 N.y. 281
18 How. Pro 359, 10 Abb.Pr. 119 (Cite as: 20 N.Y. 281)

HEDGERTON V. PAGE.

Court of Appeals of New York.

December Tenn, 1859.

*281 As against a tenant occupying the demised premises for the whole time in which the rent accrued, it is not suspended or extinguished by reason of wrongful acts of the landlord impairing the value of the occupation.
Under a lease with privilege of renewal, the waiver of it by the tenant in consequence of such impairing of the value of the premises, is not equivalent to an interference with the possession by the lessor, so as to give the tenant a defense to his action for rent.
When the amount of rent is fixed by the lease, and the wrongful acts of the landlord are not done under claim of right, but are acts of mere trespass or negligence, they do not fonn the subject of counter-claim in an action for the rent.

*282 APPEAL from the Common Pleas of the city and county of New York. Action to recover one quarter's rent of the first floor of brick building No. 8 Fulton street in said city, for the quarter ending May 1st, 1855, leased by the plaintiff to the defendant for one year from May 1st, 1854, at a yearly rent of $1,500, payable quarterly on the *fIrst* days of August, November, February and May. The defendant in his answer set out a copy of the lease, by which it appeared that the defendant was to have the privilege of renewal for one year at the same rent. The answer alleged that this privilege was one of the main inducements on the part of the defendant to the taking of the lease, and one of the principal causes of its value. The answer further alleged that the plaintiff, between the first days of February and May, 1855, was the occupant of the entire upper part of the building in question, and also of the adjoining building: that between those days, and while the defendant occupied the demised premises, the plaintiff wantonly, maliciously and negligently permitted certain water pipes, coming down through the rear of the building and communicating with a sewer under the demised

Page 1

premises, and which pipes were used for carrying off the waste water from the upper stories of the building, to get out of order and leak: that the plaintiff knowing this, maliciously and negligently permitted large quantities of water and filth to flow through the pipes which leaked therefrom into the demised premises, injuring the property of the defendant, deposited therein, to the amount of $390, interfering with and depriving the defendant of the beneficial enjoyment of the premises: that the plaintiff could, by ordinary care and prudence, have prevented the injury, and that the defendant requested the plaintiff to repair the pipes or abstain from their use which he neglected to do: that the defendant was injured to the amount of $250 in the prosecution of his business during the quarter in question. The answer further alleged, that at divers times during the quarter in question, large quantities of water, filthy and otherwise, were thrown out by the plaintiff and his servants, from the rear windows of the portion of the building occupied by the plaintiff, *283 so negligently and maliciously as to run into the demised premises, by which the defendant was injured to the amount of $150: that the defendant was compelled, by the injuries, to abandon the possession of the premises on or about the 1st of May, 1855, thereby losing the benefit and being deprived of the privilege of renewal created by the lease which he intended to avail himself of but for said injuries. The answer insists upon the facts as a defense to the action, and also as a counter-claim. The plaintiff demurred to the answer and assigned several causes, among them that the facts did not constitute a defense, nor a counter-claim available to the defendant in the action. The cause was heard at special term, and judgment given for the defendant upon the demurrer. The plaintiff appealed; the court at general term reversed the judgment, and gave judgment for the plaintiff, from which the defendant appealed to this court.

John Graham, for the appellant.

Winchester Britton, for the respondent.

GROVER, J.

The demurrer presents two questions: First

Copr. @ West 2003 No Claim to Orig;. U.S. Govt. Works

20 N.Y. 281
18 How. Pr. 359, 10 Abb.Pr. 119 (Cite as: 20 N.Y. 281)

whether the facts alleged in the answer constitutes a defense; second, whether they constitute a counter-claim, available to the defendant by way of recoupment or otherwise in this action. The rule has long been settled, that a wrongful eviction of the tenant by the landlord, from the whole or any part of the demised premises, before the rent becomes due, precludes a recovery thereof until the possession is restored. (Christopher v. Austin, 1 Kern., 217.) Whether this eviction must be actual by the forcible removal of the tenant by the landlord from the demised premises or a portion thereof, was not settled in this State until the case of Dyett v. Pendleton (8 Cow., 728). In that case, the principle was established by the Court for the Correction of Errors, that when the lessor created a nuisance in the vicinity of the demised premises, or was guilty of acts that precluded the tenant from a beneficial enjoyment of the premises, *284 in consequence of which the tenant abandoned the possession before the rent became due, the lessor's action for the recovery of the rent was barred, although the lessor had not forcibly turned the tenant out of possession. Ever since that case, this has been considered as a settled rule of law binding upon all the courts of the State. Such act of the lessor, accompanied by an abandonment of possession by the lessee, is deemed a virtual expulsion of the tenant, and, equally with an actual expulsion, bars the recovery of rent. The reason of the rule is, that the tenant has been deprived of the enjoyment of the demised premises by the wrongful act of the landlord; and thus the consideration of his agreement to pay rent has failed. In case of eviction from a portion of the premises, the law will not apportion the rent in favor of the wrong-doer.

In this case, the answer shows that the defendant continued to occupy the premises for the whole time for which the rent demanded accrued. In this, the case differs from Dyett v. Pendleton, supra. I cannot see upon what principle the landlord should be absolutely barred from a recovery of rent, when his wrongful acts stop short of depriving the tenant of the possession of any portion of the premises. The injury inflicted may be to an amount much larger than the whole rent, or it may be of a trifling character. In all the cases where it has been held that the rent was extinguished or suspended, the tenant has been deprived, in whole or in part, of the possession by the wrongful act of the landlord, either actually or constructively. There is no

Page 2

authority extending the rule beyond this class of cases. It would be grossly unjust to permit a tenant to continue in the possession of the premises, and shield himself from the payment of rent by reason of the wrongful acts of the landlord impairing the value of the use of the premises to a much smaller amount than the rent. This must be the result of the rule claimed by the defendant. The mowent it is conceded that the injury must be equal to the amount of the rent, the rule is destroyed. It would then only be a recoupment to the extent of the injury. In Ogilvie v. Hull (5 Hill, 52), NELSON, Ch. J., in giving the opinion of the court, says: That no general *285 principle is better settled, or more uniformly adhered to, than that there must be an entry and expulsion of the tenant by the landlord, or some deliberate disturbance of the possession depriving the tenant of the beneficial enjoyment of the demised premises, to operate a suspension or extinguishment of the rent. The rule contended for by the defendant is a very different one, suspending or extinguishing the rent whenever the enjoyment, in consequence of the tortious acts of the lessor, becomes less beneficial than it otherwise would have been. The true rule, from all the authorities is, that while the tenant remains in possession of the entire premises demised, his obligation to pay rent continues.

The remaining question is whether a counter-claim, arising from the facts contained in the answer, is available to the defendant in this action. By section 149 of the Code, the defendant is permitted to include in his answer new matter, constituting a counter-claim. Section 150 defines the class of demands which are embraced in section 149, as counter-claims. A counter-claim must be, 1st, a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs claim, or connected with the subject of the action; or 2d, in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action. The demand of the defendant, set out in the answer, does not arise out of the contract set forth in the complaint. That contract is for the payment of rent, upon a lease of the demised premises. The defendant's demands arise from the wrongful acts of the plaintiff in permitting water to leak and run into the premises, and in causing or permitting it to be thrown upon the premises and property of the defendant. These acts are entirely

Copr. @ West 2003 No Claim to Orig. U.S. Govt. Works

20 N.Y. 281
18 How. Pro 359, 10Abb.Pr. 119 (Cite as: 20 N.Y. 281)

independent of the contract of leasing upon which the action is brought. The demands are not connected with the subject of the action; that is, the rent agreed to be paid for the use of the premises. The defendant's demands are for a series of injuries to his property deposited upon the premises, and for impairing the value of the possession. It would be a very liberal construction to hold that in *286 an action for rent, injuries from trespasses committed by the lessor upon the demised premises might be interposed as a counter-claim. The acts of the plaintiff in this case are of a similar nature. They are either acts of trespass or negligence, from which the injuries to the defendant accrued. Such a construction could only be supported by the idea, that the subject of the action was the value of the use of the premises. But when there is an agreement as to the amount of rent, that value is immaterial. Unless the acts of the defendant amount to a breach of the contract of letting, they are not connected with the subject of the action. In the case of the Mayor of New York v. Mabie (3 Kern., 151), it was held by this court that a covenant for quiet enjoyment by the lessor was implied in a lease under seal, for a term not exceeding three years, since as well as before the Revised Statutes; that this covenant was broken by an interference with possession by the lessor under a claim of right; consequently, that damages sustained from such acts might be recovered in an action for rent. It was remarked by DENIO, J., in giving the opinion in that case, that it is not, however, every mere trespass by the lessor upon the demised premises which will amount to a breach of this covenant; although the covenantor cannot avail himself of the subterfuge, that his entry was unlawful, and he therefore a trespasser, to avoid the consequences of his own wrong, still, to support the action of covenant, the entry must be made under an assumption of title. For this, the learned judge cites Platt on Covenants, 319, 320. There is nothing in the answer in this case tending to show, that any of the acts of the defendant were done under any claim of right whatever. They did not therefore amount to a breach of the contract created by the lease, and the injuries sustained by the defendant do not therefore constitute a counter-claim connected with the subject of the action. The judgment should be affirmed.

All the judges concurring,

Pag

Judgment affirmed.

N.Y. 1859.

EDGERTON v. PAGE.

END OF DOCUMENT

Copr. @ West 2003 No Claim to Orig. U.S. Govt. Works