**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Sherman, M.J. |
| | : | |
| v. | : | **THE KROGER CO.'S SURREPLY TO** |
| | : | **MALEASE'S REPLY IN SUPPORT OF** |
| | : | **MOTION TO RELEASE FUNDS** |
| MALEASE FOODS CORP., | : | **DEPOSITED WITH THE REGISTRY OF** |
| | : | **THE COURT** |
| Defendant. | : | |

Malease Foods Corp. ("Malease") is in error—The Kroger Co. ("Kroger") has not refused to pay rent that is "admittedly due." Malease failed to live up to its obligations under the three Lease Agreements dated April 1, 1983. But for Malease's breach of its agreement, Kroger would have owned Malease's interests in the properties on April 1, 2003 and no rent would have been due, much less in dispute. Kroger has placed the disputed rent money in escrow pending the outcome of this case. To characterize this as a simple dispute between landlord and tenant is bordering on dishonesty. Malease had no entitlement to be Kroger's landlord over these properties at all after April 1, 2003.

Malease is also in error in its claim that the *General Box Company* case Kroger has cited are not relevant. This case, and the cases it cites, all stand for the general proposition that courts provide compensating protection of a reasonable secured bond, escrow deposit, or other mechanism when monies or property is in dispute. The purpose of these mechanisms is to maintain the status quo while the dispute is pending.

Malease apparently believes that an 1859 case from New York is more on point. The case Malease cites—*Hedgerton v. Page*—actually involves a landlord that made repairs due to

building code violations. That same landlord who has made repairs sought the rent for those repairs and on-going repairs, since the tenant remained in the premises.

That is not the situation here. Malease performs no maintenance on these properties. Malease has never performed maintenance or repairs on these properties. Malease assumes no responsibility for maintenance or repairs on these properties. For Malease to suggest that it is entitled to rents for this purpose is disingenuous at best. Malease is not even rightfully the landlord of the property. Malease breached its obligation to relinquish its position as landlord prior to any alleged accrual of rent.

The key issue is maintaining the status quo while the dispute remains pending. Here, the status quo is that Kroger is in possession of the properties and is also responsible for the maintenance of the properties. Kroger is the owner of the properties. Kroger is entitled to ownership of Malease's interests in the property, but Malease has breached its obligations under the contracts and has withheld that interest. The status quo is upset if Kroger is forced to hand over rent to an entity that is not rightfully the landlord of the properties.

The dispute is over rights to the properties via the contracts at a time prior to any accrual of potential rents that are currently in escrow with the court. Therefore, Malease has no greater right to these funds than Kroger, and in fact, has far less right to these funds. With this in mind, Kroger respectfully requests that this disputed payment remain in escrow until the case is fully adjudicated.

        Respectfully submitted,

/s/ Douglas R. Dennis
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:
Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2003, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Gary R. Winters, Esq. | Robert W. Cinque, Esq. |
| McCaslin, Imbus & McCaslin | Cinque & Cinque |
| 900 Provident Bank Building | 845 3rd Avenue, Suite 1400 |
| 632 Vine Street | New York, NY  10022 |
| Cincinnati, OH 45202-2442 | |

        /s/ Douglas R. Dennis

CinLibrary/1356689.1