IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| The Kroger Company, | ) |
| | ) |
| Plaintiff, | ) Case No. C-1-02-439 |
| | ) |
| vs. | ) |
| | ) |
| Malease Food Corporation, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Defendant Malease Food Corporation's Motion to Release Funds Deposited With the Registry of the Court (Doc. No. 33). For the reasons set forth below, Defendant's motion is not well-taken and is **DENIED.**

This case is a breach of contract action in which Plaintiff Kroger Company claims that Malease is in breach of several lease agreements because it has refused to sell back certain properties to Kroger. The background of this case is fully recounted in the Court's order of September 22, 2003 (Doc. No. 22), but essentially the parties entered into a series of sale and leaseback provisions which left Kroger as both a landlord and tenant of Malease. Among other claims for relief, Kroger seeks specific performance of the lease agreements compelling Malease to tender back the properties to Kroger. On October 6, 2003, the Court granted Kroger leave to deposit $50,000 into the Court's registry. These funds represent a six-month lease payment which would be due from Kroger to Malease if

the leases remain in effect and Malease is not required to sell the properties back to Kroger.

Malease now moves the Court to release these funds from the registry, arguing that until Kroger's claims are resolved, it has a continuing obligation to make rent payments under the lease agreements. Kroger responds that but for Malease's breach of the lease agreements it would not owe Malease any rent payments. Therefore, according to Kroger, the prudent course is to deposit the disputed funds with the Court until the case is adjudicated. The Court agrees.

Although Kroger tendered the funds at issue to the Court pursuant to Local Rule 77.2, this matter is really governed by Rule 67 of the Federal Rules of Civil Procedure. Rule 67 provides:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. The party making the deposit shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C., §§ 2041, and 2042; the Act of June 26, 1934, c. 756, § 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C., Title 31, § 725v; or any like statute. The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

Fed. R. Civ. P. 67. Rule 67 provides a mechanism for safekeeping disputed funds while a legal dispute involving them is resolved.

<u>In re Department of Energy Stripper Well Exemption Litigation</u>, 124 F.R.D. 217, 218-19 (D.Kan. 1986). The decision to utilize Rule 67 lies within the discretion of the district court, although the court must be aware that the Rule should not be used to alter the legal rights and duties of each party. <u>See</u> <u>id.</u>; <u>Prudential Ins. Co. of Am. v. BMC Ind., Inc.</u>, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986). Moreover, in order for use of Rule 67 to be proper, there must be a genuine dispute over the funds. <u>In re Department of Energy</u>, 124 F.R.D. at 218. Finally, although it would seem that Rule 67 would most often be invoked in interpleader actions, the Court notes that courts have used Rule 67 in breach of contract actions as well. <u>See</u>, <u>e.g.</u>, <u>Gulf States Util. Co. v. Alabama Power Co.</u>, 824 F.2d 1465 (5th Cir. 1987).

With those standards in mind, Kroger's tender of the rent payments to the Court was appropriate. Kroger claims that no rent payments are due Malease because Malease was required to sell the properties back to it. In opposition, Malease has filed a counterclaim for payment of back rent. Thus, there is a genuine dispute between the parties over the entitlement to these funds. Malease, however, contends that the leases do not permit Kroger to offset rent payments, and that therefore, use of Rule 67 would alter the parties' contractual obligations. The Court disagrees. Kroger is not attempting to offset any lease payments to Malease. Kroger simply contends that it does not owe Malease any lease payments, and therefore, it is tendering the alleged back payments due with the Court. Thus, placing the disputed

funds with the Court is not an offset in violation of the agreements.

Accordingly, for the reasons stated, Malease's motion to release the funds in the Court's registry is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date January 8, 2004         s/Sandra S. Beckwith
                             Sandra S. Beckwith
                             United States District Judge