## AGREEMENT

This Agreement made the 12th day of April, 2002, between The Kroger Co., an Ohio corporation ("Kroger") and HEB Grocery Company, LP, a Texas limited partnership, as successor in interest to H. E. Butt Grocery Company, a Texas corporation ("HEB").

## WITNESSETH:

Whereas, Balkhouse Properties Corp. ("Balkhouse"), as lessor, and Kroger entered into that certain Lease dated as of April 1, 1983, as amended by (i) that certain Consent to Sublease, dated January 18, 1992, (ii) that certain Consent to Conveyance Agreement (the "Conveyance Agreement") among Balkhouse Associates, a Tennessee limited partnership (the "Partnership"), Malese Foods Corp., a Delaware corporation ("Malese"), Kroger, HEB, and Suntrust Bank, Nashville, National Association ("Trustee"), dated as of August (undated), 1998 and (iii) that certain Agreement Regarding Additional Facility dated as of December 3, 1999 (the "Agreement Regarding Additional Facility") by and among the Partnership, Malese, Kroger and HEB (collectively, the "Operating Lease"), covering the Leased Property located in the City of San Marcos, Hays County, Texas, as more particularly described in Section 1 of the Operating Lease (including all of Kroger's right, title and interest in, to and under the Additional Warehouse Facility [as defined in the Agreement Regarding Additional Facility], the "Leased Property");

Whereas, as of June 1, 1983 (i) Balkhouse conveyed its fee interest in the Leased Property to the Partnership, subject to the Operating Lease, and (ii) the Partnership entered into that certain lease dated as of June 1, 1983 between the Partnership, as lessor, and Balkhouse, as lessee, which lease covered, among other things, the Lease Property (such Lease, as amended, the "Master Lease");

Whereas, as of June 1, 1983 Balkhouse assigned to Malese (i) its interest as lessor under the Operating Lease and (ii) its interest as lessee under the Master Lease;

Whereas, the Partnership and Malese entered into that certain Two Party Agreement dated as of June 1, 1983 (the "Two Party Agreement");

Whereas, on December 4, 1990, Kroger, as sublandlord, and HEB, as subtenant, entered into a Sublease ("Sublease") with respect to the Leased Property; and

Whereas, paragraph 8 of the Sublease provided HEB a right to purchase the Leased Property upon certain terms and conditions to which reference is made as if set forth fully in this Agreement; and

Whereas, HEB has given notice to Kroger of its exercise of the right to purchase the Leased Property and has agreed that, in lieu of an appraisal as provided in the Lease, the purchase price for the Leased Property is $11,000,000.00; and

I:\4425\4425\AGREEMENT\HEBUTT.DOC

Whereas, The Kroger Co. acquired from the Partnership fee title to the Leased Property, subject to certain encumbrances, and Kroger has given notice to Malese of Kroger's intention to acquire the rights of Malese upon the end of the fixed term of the Lease on April 1, 2003 and has agreed to convey the Leased Property to HEB on the terms set forth herein and has further agreed that, in lieu of an appraisal as provided in the Lease, the purchase price for the Leased Property is $11,000,000.00; and

Whereas, The Kroger Co. conveyed the Leased Property, subject to certain encumbrances, to Kroger Texas, L.P. pursuant to a Special Warranty Deed dated January 11, 2002.

Now, therefore, for good and valuable consideration, the parties agree as follows:

1. **Agreement to Sell and Convey**. On April 1, 2003 (the "Closing Date"), Kroger will cause Kroger Texas, L.P. to convey to HEB good and indefeasible title to the Leased Property by a special warranty deed subject only to the matters set forth on Exhibit "A" attached hereto and any other matter arising out of the act or omission of HEB (the "Permitted Exceptions"). At such time, Kroger and HEB will terminate the Sublease and Kroger agrees to cause to be terminated the Operating Lease, the Master Lease, the Two Party Agreement and any other leases or agreements affecting the Leased Property other than the Permitted Exceptions as well as causing the release of all memorandums of record in the Real Property Records in Hays County, Texas reflecting the Operating Lease, the Master Lease and/or the Two-Party Agreement. Kroger agrees to provide HEB with evidence reasonably acceptable to HEB of the foregoing terminations and releases. Notwithstanding anything herein to the contrary, Kroger shall have the right to adjourn Closing for a period of up to fifteen (15) days by delivering written notice to HEB on or before the Closing Date, in the event that any condition precedent to Closing not within the sole control of Kroger remains unsatisfied as of the Closing Date; provided that any such conditions precedent shall be satisfied by Kroger and Closing shall occur within said fifteen (15) day period. No rent shall be payable by HEB under the Sublease during any such adjournment of the Closing Date.

2. **Terms as set forth in Article XIX of the Operating Lease**. Except as expressly provided herein, the conveyance shall be in accordance with the provisions of Article XIX of the Operating Lease to which reference is made as if set forth fully herein.

3. **Earnest Money; Purchase Price**. Within five (5) days of the execution of this Agreement by HEB and Kroger, HEB agrees to deposit the sum of $100,000.00 with Alamo Title Company, 112 E. Pecan Street, Suite 125, San Antonio, Texas 78205, Attention J. Christopher Varley (the "Title Company"), to be held as earnest money securing HEB's obligations hereunder (the "Earnest Money"). The total consideration for HEB's purchase of the Leased Property shall be $11,000,000.00, of which the Earnest Money shall be a part. The Title Company shall, immediately following receipt, deposit the Earnest Money in an interest bearing account and