**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| | : | |
| v. | : | **THE KROGER CO'S MOTION TO SHOW** |
| | : | **CAUSE, OR IN THE ALTERNATIVE, FOR** |
| | : | **LEAVE TO REQUEST INJUNCTIVE** |
| MALEASE FOODS CORP., | : | **RELIEF AND ORDER MALEASE TO** |
| | : | **RELINQUISH ITS INTEREST IN THE** |
| Defendant. | : | **PROPERTIES AND MEMORANDUM IN** |
| | : | **SUPPORT** |

The Kroger Co.'s ("Kroger") moves this Court to require Defendant Malease Foods Corp. ("Malease") to show cause why they refuse to obey this Court's Order in this case dated July 27, 2004. The Order requires Malease to sell its leasehold interests in the subject properties to Kroger.

Kroger wrote to Malease requesting a closing date of October 1, 2004. Malease refused, stating that "We are reviewing all options with the client on this but we will not have a closing soon."

Malease's refusal is in violation of this Court's Order. As a result, Kroger moves this Court to have Malease show cause why it should not be found in contempt and ordered to pay sanctions.

In the alternative, if this Court finds that it did not order an immediate sale of Malease's interest to Kroger, Kroger respectfully requests leave to obtain an order for immediate injunctive relief against Malease in the form of immediate specific performance in relinquishing Malease's interests in the subject properties. Kroger is incurring damages every day that Malease delays; it is time for Malease to make good on its contract obligations.

This motion is supported by the attached Memorandum in Support.

Respectfully submitted,

_____

Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    Introduction**

This case involves The Kroger Co.'s ("Kroger") option to purchase three industrial facilities in Texas, Kentucky and Tennessee in which Malease Foods Corp. ("Malease") has leasehold interests.  In its Complaint, Kroger requested injunctive relief under Count II: "Kroger is entitled to injunctive relief specifically requiring Defendant to sell to Kroger the sites."  (See Complaint, filed June 14, 2002, at ¶39, attached as Exhibit A).  This request was renewed in Kroger's Motion for Summary Judgment.  (See Kroger Motion for Summary Judgment, filed February 27, 2004, attached as Exhibit B).

This court has already ordered in summary judgment that Malease breached its obligations under the terms of the options and ordered Malease to relinquish its interest in these facilities to Kroger.  (See Order, dated July 27, 2004, attached as Exhibit C).  Kroger requested a closing date of October 1, 2004. (See Letter of Scott Phillips to Robert Cinque, confirming Mr. Cinque's attached voice mail message, dated August 27, 2004, attached as Exhibit D).  Malease, however, refused to relinquish its interests. (See Letter of Scott Phillips to Robert Cinque, confirming Mr. Cinque's attached voice mail message, dated August 27, 2004, attached as Exhibit D).

Malease still retains those master lease interests, and now claims that it need not relinquish its interests in the properties until the damages issues are resolved, despite this Court's order to the contrary.  Meanwhile, as each day passes with Malease's refusal to relinquish its interest in the properties, Kroger suffers damages.  Kroger is unable to sell the property in San Marcos, Texas, where Kroger has an agreement to sell the property that is frustrated by Malease's refusal to fulfill its contractual and now legal obligations ordered by this Court.

- 1 -

Kroger is bereft of its ability to use the proceeds of that sale until the closing is consummated, and an additional amount of damages is accrued each day that Malease delays.

## II.    This Court's July 27, 2004 Order

On July 27, 2004, this Court issued its Order granting Kroger's Motion for Summary Judgment in all respects except unjust enrichment and damages, which was to be set for trial and denied Malease's Motion for Summary Judgment in all respects.  (See Order, dated July 27, 2004, attached as Exhibit C).  Specifically, this Court stated:

> The court further finds that Malease is therefore compelled under the leases to sell its leasehold interests in the subject properties to Kroger.[1]
>
> . . . summary judgment is appropriate on Count II of Kroger's complaint, which seeks specific performance of the purchase options, and Count III of Kroger's complaint, which claims that Malease breached its obligation to convey the leases to Kroger upon exercise of the purchase option.  Accordingly, **Kroger's motion for summary judgment on Counts II** and III of the **complaint is well-taken and is GRANTED**.[2] [emphasis added].

Count II is Kroger's request for a permanent injunction specifically requiring Malease to sell to Kroger its interest in the subject properties.  (See Complaint at ¶36-39, attached as Exhibit A).

Therefore, this Court granted Kroger injunctive relief requiring Malease to relinquish its master lease interest in each of the subject properties.  As a result, it is incumbent upon Malease to agree to a closing at the earliest practicable time.  Kroger provided a reasonable date—October 1, 2004—and was once again rebuffed by Malease.

---

[1] See Order, dated July 27, 2004 at p. 19, attached as Exhibit C.
[2] See Order, dated July 27, 2004 at p.19-20, attached as Exhibit C.

- 2 -

### III.    Malease is in Civil Contempt of this Order

Malease has refused to relinquish its master lease interest in the properties, stated in a voice mail message: "We are reviewing all options with the client on this but we will not have a closing soon." (See Letter of Scott Phillips to Robert Cinque, confirming Mr. Cinque's attached voice mail message, dated August 27, 2004).

18 U.S.C.S §401 (2004) states:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command.

Here, this Court granted Kroger's request for a permanent injunction specifically requiring Malease to sell to Kroger its interest in the subject properties in its July 27, 2004 Order. Malease's refusal to sell to Kroger its interest in the subject properties is disobedience of this Order.

"The basic proposition [in contempt proceedings] is that all orders and judgments of courts must be complied with promptly." *Maness v Meyers*, 419 U.S. 449, 458, 42 L. Ed. 2d 574, 95 S.Ct. 584 (1975). Specifically addressing injunctions, the United States Supreme Court stated: "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself, or by a higher court, its orders based on its decision are to be respected, and disobedience of them is punished." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450, 55 L. Ed. 797, 31 S.Ct. 492 (1911).

- 3 -

"[A]lthough civil contempt may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). "[C]ivil contempt sanctions are designed to enforce compliance with court orders and to compensate injured parties for losses sustained." *Downey v. Clauder*, 20 F.3d 681, 685 (6th Cir. 1994).

Here, where Malease is actively refusing to attend a closing on October 1, 2004 and relinquish its master lease interests in the subject properties, Kroger is being bereft of its access to the $11,000,000 purchase price of the San Marcos, Texas property, and the enjoyment of free title to the Kentucky and Tennessee properties. While a trial for damages is pending, it is incumbent upon Malease to relinquish these interests so as to prevent those damages from continually adding up. Most importantly, this Court ordered Malease to relinquish its interests. Because Malease has rebuffed Kroger's desire to close on these properties on October 1, 2004, Malease is actively disobedient to this Court's Order.

As a sanction for Malease's disobedience, Kroger respectfully requests that this Court order Malease to close on October 1, 2004 or face future penalties for each day that Malease remains disobedient to the July Order and this subsequent Order.

**IV.    Alternatively, Kroger Requests Leave to Obtain Injunctive Relief as Requested in its Complaint**

Alternatively, Malease appears to believe that there was not a permanent injunction entered against it. Malease appears to believe that it is not required to relinquish title to the master lease interests until after the appeal process, without appealing this Court's order and without posting any bond.

As an alternative to finding Malease in contempt, the Court could clarify its July Order and state that it did issue a permanent injunction against Malease and require Malease to

- 4 -

relinquish its master lease interests that it wrongly holds against Kroger no later than October 1, 2004.

This Court had discretion to enter a permanent injunction. *See, e.g., Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994); *Loschiavo v. City of Dearborn*, 33 F.3d 548, 553 (6th Cir. 1994). Kroger is entitled to a permanent injunction because it has proven that its only adequate legal remedy is Malease's relinquishment of its master lease interest on the subject properties. *See, e.g., Walgreen Co. v. Sara Creek Property Co.*, 966 F.2d 273, 274 (7th Cir. 1992).

Kroger validly exercised its options to purchase Malease's interest in the subject properties. Money damages are inadequate to remedy Malease's breach of contract because the subject properties are unique and in the best location for Kroger's industrial facilities. Therefore, Kroger is entitled to the injunctive relief it believes that it already obtained in the July 27, 2004 order.

## V.     Damages Trial As Quickly As Practicable

In the alternative to the above motion, Kroger requests that it receive a trial date on the damages claims as soon as practicable. All of the discovery is completed in this case and has been completed since February. There are only two witnesses who will testify at the damages trial—Kroger's expert witness, Jonathan Libbert, and Kroger's officer most familiar with the transactions, Edward Waldvogel. There is certainly no prejudice to Malease to set the trial date as soon as can be arranged.

Meanwhile, Kroger continues to suffer the loss of the use of its $11,000,000.00 that it will receive from H.E. Butt when Kroger delivers clear title on the San Marcos, Texas site. Kroger continues to suffer the loss associated with clear title to the Kentucky and Tennessee

properties.  Kroger is prejudiced by any delays that Malease seeks to introduce in its attempt to gain leverage at this late stage in the case.  Until forced to do something, Malease has made it abundantly clear that it intends to do nothing.

**VI.    Conclusion**

For all of these reasons, Kroger respectfully requests that this Court enforce its Order, by ordering Malease to show cause why it will not close on the subject property interests on October 1, 2004 and by sanctioning Malease if it continues to refuse to do so.

Kroger respectfully requests in the alternative that this Court clarify that it did issue a permanent injunction that requires Malease to close on the subject property interests on October 1, 2004 or face sanctions if Malease continues to refuse to do so.

In the alternative to these requests aimed at ordering Malease to do what it should already do and close on the property interests, Kroger respectfully requests that the Court grant a trial date on the damages issue as soon as is practicable.

Respectfully submitted,


/s/ Scott D. Phillips
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
OF COUNSEL:                          Cincinnati, Ohio 45202
                                     (513) 651-6983
Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion and Memorandum in Support has been sent by ordinary United States mail, postage prepaid on this 16th day of September, 2004 to:

R. Gary Winters, Esq.                Robert W. Cinque, Esq.
McCaslin, Imbus & McCaslin           Cinque & Cinque
900 Provident Bank Building          845 3rd Avenue, Suite 1400
632 Vine Street                      New York, NY  10022
Cincinnati, OH 45202-2442


                                     /s/ Scott D. Phillips


CINlibrary/1431464.1


- 7 -