



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JUN 1 4 2002

KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

| | | |
|---|---|---|
| **The Kroger Co.**<br>1014 Vine Street<br>Cincinnati, Ohio 45202 | : <br> : <br> : <br> : | Case No.: |
| Plaintiff, | : <br> : | (Judge          M.J.) SHERMAN |
| v. | : <br> : <br> : <br> : | **COMPLAINT FOR DECLARATORY**<br>**JUDGMENT, INJUNCTION, AND BREACH**<br>**OF CONTRACT** |
| **Malease Foods Corp.,** *formerly known*<br>*as Malese Foods Corp.,*<br>135 Jericho Turnpike<br>Old Westbury, NY 11568 | : <br> : <br> : <br> : | (Jury Demand Endorsed Herein) |
| Defendant. | : <br> : <br> : | |
| **Also Serve:**<br>    X L Corporate Services, Inc.<br>    Statutory Agent for Malease<br>      Foods Corp.<br>    15 East North Street<br>    Dover, DE 19901 | : <br> : <br> : <br> : <br> : <br> : | |

For its Complaint against Defendant Malease Foods Corp., formerly known as Malese

Foods Corp., ("Malease"), Plaintiff The Kroger Co. ("Kroger") states the following:

**PARTIES, JURISDICTION AND VENUE**

1.    Kroger is an Ohio corporation with its principle place of business in Hamilton

County, Ohio.

2.    Upon information and belief, Defendant Malease is a Tennessee corporation with

a principal place of business in New York and has transacted business in this state.

3.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

4.    At all times that are relevant to the facts set forth in this Complaint, Kroger's corporate headquarters was located in Hamilton County, Ohio (the "Headquarters").

5.    The Leases that are the subject of this lawsuit were negotiated by Kroger personnel working at the Headquarters.

6.    The Leases were executed by officers of Kroger in Hamilton County, Ohio while working at the Headquarters.

7.    All rent paid under the Leases has been paid from the Headquarters at the direction of employees working there.

8.    Under the terms of the Leases, all notices that are to be sent to Kroger are to be sent to the Headquarters.

9.    All notices sent by Kroger relating Kroger's attempt to purchase the leased property, as will be discussed below, were sent by officers of Kroger working at the Headquarters.

10.    Jurisdiction and venue are appropriate in this Court as to all parties and as to all causes of action asserted herein.

## FACTUAL ALLEGATIONS, ALL COUNTS

11.    On April 1, 1983, Kroger closed three (3) sale-leaseback transactions with Balkhouse for three of Kroger's existing industrial facilities located in Bowling Green, Kentucky, Murfreesboro, Tennessee, and San Marcos, Texas, (collectively, the "Sites"). A sale-leaseback transaction is a commonly used device whereby a high-credit owner sells a parcel of real estate

2

on which it operates a part of its business to an investor and then enters into a long-term lease for the property.

12.    As a result of the sale-lease back transaction, Balkhouse became the owner of fee simple title to the Sites and Kroger became a tenant of each of the Sites.

13.    Although Kroger and Balkhouse entered into separate leases for each of the Sites (the "April Leases"), the April Leases were identical in form and differed only as to matters related to the amount of the rent to be paid and other miscellaneous matters related to the specific real estate in question.

14.    Copies of the closing documents and the April Leases are not attached because such documents are voluminous and because Defendant has copies of said documents.  However, upon request of the Defendant or the Court, Kroger will provide true and accurate copies of the closing documents and the April Leases.

15.    Each of the April Leases had a primary term that began on April 1, 1983 and ends April 1, 2003, with Kroger reserving rights to extend the terms of each of the April Leases for a total of thirty (30) years.

16.    Article 35 of each of the April Leases grants Kroger an option to purchase the subject property as follows (the "Kroger Purchase Options"):

> 35.    Lessee's Purchase Option.  Provided no Event of Default has occurred which has not been waived on or prior to April 1, 2003, or the date of expiration of any renewal term hereof for which Lessee has exercised its renewal option, as the case may be, and provided further, that this Lease is in full force and effect on such date, on the day following the expiration date of the Fixed Term or of any renewal term of this Lease for which Lessee has exercised its option, Lessee may, at its option, upon at least three hundred sixty (360) days' prior notice to Lessor, purchase the Leased Property on such date for an amount equal to the fair market value thereof determined without regard to this Lease established by appraisal as set forth in Article XXXVI.  Any such purchase shall be completed in the manner provided in Article XIX.

17.    On June 1, 1983, Balkhouse entered into three identical transactions related to each of the Sites with Associates whereby: (1) Balkhouse conveyed fee simple title to each of the Sites to Balkhouse Associates, a Tennessee Limited Partnership ("Associates"); and (2) Balkhouse and Associates entered into a single Lease Agreement for all the Sites whereby Balkhouse leased each of the Sites from Associates (the "June Lease"), which had the net effect of making Kroger a subtenant at each of the Sites.

18.    On June 1, 1983, Balkhouse assigned all of its rights under the June Lease to Defendant Malease.

19.    Immediately thereafter, Defendant Malease and Associates entered into three separate agreements, each captioned "Two Party Agreement," one for each of the Sites (the "Two Party Agreements").

20.    The Two Party Agreements were identical in form. Among other things, under the terms of the Two Party Agreements, Defendant Malease and Associates each (i) acknowledged that each of the Sites remained subject to the April Leases and Kroger's rights thereunder; (ii) agreed that Defendant Malease would remain the landlord under the terms and conditions of the April Leases and would be entitled to receive all rents due from Kroger under the April Leases; and (iii) acknowledged the existence of the Kroger Purchase Options and included certain agreements as between Defendant Malease and Associates in the event the Kroger Purchase Options were exercised.

21.    The June Lease had a primary term that began on June 1, 1983. Under the June Lease, Defendant Malease, as the successor in interest to Balkhouse is obligated to pay varying amounts of rent in semi-annual installments with the annual amount from as low as $808,486 to as high as $16,247,730.

22.    The Two Party Agreements and the June Lease each provide that they bind and inure to the benefit of the successors and assigns of the original parties.

23.    On July 24, 2001 Kroger acquired fee simple title to each of the Sites from Associates and acquired by assignment all of Associates' rights under the Two Party Agreements.

24.    Kroger notified Defendant Malease of these transactions by written notice dated July 24, 2001.

25.    By written notice dated February 18, 2002, Kroger, in its capacity as the tenant under the April Leases, notified Defendant Malease that it was exercising all of the Kroger Purchase Options and informed Defendant Malease of the contractually determined purchase price to be paid by Kroger to Defendant Malease. (A copy of the Notice is attached hereto as Exhibit 1).

26.    Insofar as (i) Kroger also owned the rights formerly held by Associates under the Two Party Agreements and was consequently entitled to the difference between the purchase price properly payable under the April Leases and the liquidated amount established under the terms of Section 3(b) of the Two Party Agreements, and (ii) under Section 3(a) of the Two Party Agreements, Defendant Malease had waived any rights it may have had relative to the determination of the fair market value of the Sites, Kroger notified Defendant Malease of Kroger's calculation of the present value amount that would become due on April 1, 2003.

27.    In a letter dated March 14, 2002, Defendant Malease asserted that it rejected Kroger's exercise of the Kroger Purchase Options but failed to provide any substantive statement of any basis for such a rejection. (A copy of the letter is attached hereto as Exhibit 2).

5

28.    By written notice dated March 27, 2002, Kroger re-affirmed Kroger's exercise of the Kroger Purchase Options and inquired as to the substantive basis for Defendant Malease's rejection of such exercise. (A copy of such notice is attached hereto as Exhibit 3).

29.    Defendant Malease has not responded to the March 27, 2002 notice.

30.    Kroger has, at all relevant times, fully complied with all of its obligations under all of the April Leases and Agreements it was party to.

## COUNT I

## (REQUEST FOR DECLARATORY JUDGMENT)

31.    Kroger incorporates the foregoing paragraphs as if fully restated herein.

32.    Kroger fully performed all of its obligations under the April Leases, the contract to acquire fee simple title of the Sites, and the assignment of Associate's rights under the Two Party Agreements.

33.    Pursuant to the April Leases and the agreements Kroger was party to, Kroger validly exercised its right to purchase the Sites.

34.    As such, Kroger is entitled to a declaration concerning its rights and obligations under the April Leases and the agreements Kroger was party to.

35.    The declaration should include specific findings that Kroger has validly exercised its option to purchase the Sites, that Kroger has never defaulted on any agreements or the April Leases, that Defendant Malease is in material breach for its failure to sell to Kroger the Sites, and that Defendant Malease is required to sell to Kroger the sites.

## COUNT II

## (REQUESTS FOR PERMANENT INJUNCTIONS)

36.    Kroger incorporates the foregoing paragraphs as if fully restated herein.

37.    Kroger has validly exercised its option to purchase the Sites.

38.    Money damages are inadequate to remedy the breach by Defendant Malease because the Sites are unique and in the best location for Kroger's industrial facilities.

39.    Accordingly, Kroger is entitled to injunctive relief specifically requiring Defendant Malease to sell to Kroger the Sites.

## COUNT III

## (ACTUAL AND ANTICIPATORY BREACH)

40.    Kroger incorporates the foregoing paragraphs as if fully restated herein.

41.    Pursuant to the April Leases and the agreements Kroger was party to, Kroger validly exercised its right to purchase the Sites.

42.    Defendant Malease has refused to acknowledge Kroger's exercise of Kroger's Purchase Options.

43.    Defendant Malease's actions are in violation of the April Leases and constitute a breach of the Leases.

44.    Because of Defendant Malease's breaches, Kroger has been damaged in an amount to be determined at trial.

## COUNT V

## (UNJUST ENRICHMENT)

45.    Kroger incorporates the foregoing paragraphs as if fully restated herein.

46.    Kroger has fulfilled its obligations under the April Leases and other agreements it was party to.

7

47.     Defendant Malease's refusal to recognize Kroger's exercise of the Kroger Purchase Options allows Defendant Malease to reap the benefits of the April Leases while escaping its own obligations.

48.     Accordingly, Defendant Malease is being unjustly enriched and Kroger is entitled to an award of damages in an amount to be determined at trial.

**WHEREFORE,** Kroger states its prayer for judgment against the Defendant Malease as follows:

1.     For a declaration of parties' rights and obligations under the April Leases, including the following specific declarations:

    (a)     That Defendant Malease is in material breach of the April Leases,

    (b)     That Kroger has fulfilled its obligations under the April Leases,

    (c)     That Kroger has validly exercised its right to purchase the Sites pursuant to the Kroger Purchase Options, and

    (d)     That Defendant Malease is required to sell to Kroger the Sites;

2.     For permanent injunctive relief requiring Defendant Malease to sell to Kroger the Sites;

3.     For an award of compensatory damages in favor of Kroger;

4.     For an award of Kroger's costs and attorney fees; and

5.     For any other relief in law or equity that the Court may deem just and proper.

Respectfully submitted,


Scott D. Phillips  (0043654)
Trial Attorney for Defendant
  The Kroger Co.
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:
Erin E. Hogan (0072570)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6766


## JURY DEMAND

Plaintiff demands a trial by jury in this action.

EXHIBIT 1

THE **Kroger** CO.

1014 VINE STREET · CINCINNATI, OHIO 45202-1100

February 18, 2002

Certified Mail, Return Receipt Requested and First Class Mail

Malese Foods Corp.
c/o Lawrence Kadish
135 Jericho Turnpike
Old Westbury, NY 11568

Balkhouse Associates
c/o Merrill Lynch & Co., Inc.
World Financial Center - South Tower
225 Liberty Street, 7th Floor
New York, NY 10080

ML Balkhouse Properties Corp.
c/o Merrill Lynch & Co., Inc.
World Financial Center - South Tower
225 Liberty Street, 7th Floor
New York, NY 10080

Kroger Texas L.P.
1014 Vine Street
Cincinnati, OH 45202

Kroger Limited Partnership I
1014 Vine Street
Cincinnati, OH 45202

RE:  2301 Hunter Road, San Marcos, TX; 1100 New Salem Highway, Murfreesboro,
Tennessee; 2840 Pioneer Drive, Bowling Green, Kentucky

Ladies and Gentlemen:

Reference is made to those certain Leases (each a "Lease" and collectively "Leases")
between Balkhouse Properties Corp. and The Kroger Co. dated as of April 1, 1983,
covering the properties noted above. On or about June 1, 1983, Balkhouse Properties
Corp. assigned its interest as Lessor in said Leases to Malese Foods Corp.

Page 2

Reference is made to three certain Two Party Agreements ("Two Party Agreements") between Malese Foods Corp. and Balkhouse Associates dated June 1, 1983.

Reference is also made to that certain Notice dated July 24, 2001, wherein Balkhouse Associates notified Malese Foods Corp. that the properties located at the addresses noted above were sold to The Kroger Co. and that the Leases dated April 1, 1983, as well as the Two Party Agreements, had been assigned to The Kroger Co.

Malese Foods Corp. is sometimes referred to as "Master Lessee".  The Kroger Co. is sometimes referred to as "Occupancy Tenant" or "Lessee" and each Lease dated April 1, 1983 is sometimes referred to as "Occupancy Lease".

Pursuant to Article XXXV of each of the Leases ("Occupancy Lease") dated April 1, 1983, and certain provisions of the Two Party Agreements, notice is hereby given that The Kroger Co., as Lessee, exercises its Purchase Option for each property as provided in Article XXXV, Article XXXVI and Article XVIIII, of each Lease.  Reference is also made to paragraph 3 of the Two Party Agreements.

This Notice is being given at least 360 days prior to April 1, 2003, the date of expiration of the fixed term of the Occupancy Leases.  Payment of the purchase price calculated as provided in Paragraph 3(b)(i) of the Two Party Agreements shall be in the total amount of $170,562.25 payable on April 1, 2003.

To conform to Articles XXXV and XXXVI of each Occupancy Lease, the following person is selected to act as appraiser, if required, on behalf of Occupancy Tenant ("Lessee"):

> Frank Liantonio, MAI, CRE
> Cushman & Wakefield
> 51 W. 52nd Street
> New York, NY  10019
> Telephone:  212-841-7887

Any questions concerning this Notice may be addressed to the undersigned.

THE KROGER CO.

By: _____
    James E. Hodge
    Vice President

l \4428\4425\021802-1 doc

EXHIBIT 2

MALESE FOODS CORP.
c/o Lawrence Kadish
135 Jericho Turnpike
Old Westbury, New York 11568


March 14, 2002


**CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
**and FIRST CLASS MAIL**

The Kroger Co.
1014 Vine Street
Cincinnati, Ohio 45202-1100
Attn: James E. Hodge, Vice President

<div style="margin-left:2em">

Re:    2301 Hunter Road, San Marcas, Texas;
1100 New Salem Highway, Murfreesboro, Tennessee;
2840 Pioneer Drive, Bowling Green, Kentucky

</div>

Ladies and Gentlemen:


Reference is made to your notice letter of February 18, 2002, in which you purport to exercise certain "Purchase Options" with respect to each of the captioned properties, pursuant to certain terms of the "Occupancy Leases" and "Two Party Agreements" (each of the foregoing defined terms having the same meanings herein as in your said notice letter).

As noted in your notice letter, and in the "Notice dated July 24, 2001" to which you refer, The Kroger Co., is already the owner of the subject properties, having purchased the same outside the scope of the "Purchase Options".

By your actions in purchasing these properties, and without regard to and outside the scope of the Purchase Options, and in disregard of the interests of Malese Foods Corp., you negated and repudiated and rendered the Purchase Options meaningless, null and void. We regard your purported exercise of these Purchase Options as no more than an attempt to avoid the consequences of your actions in previously purchasing the properties, and to frustrate the rights and options of Malese Foods Corp. as (assignee) tenant under the Leases dated as of April 1, 1983 ("Master Leases").

We reject your notice letter and purported exercise of the Purchase Options. Malese Foods Corp. reserves each and all of the rights, options and privileges it may have pursuant to the Master Lease, the Occupancy Leases, the Two Party Agreements, or otherwise, including without limitation the purchase option contained in Article XXXV of the Master Lease. Malese Foods Corp. will take any and all actions necessary to preserve, protect and enforce its rights.

We further reserve any and all rights or claims which Malese Foods Corp. and/or Lawrence Kadish may have against Merrill Lynch, its affiliates or subsidiaries, arising out of their dealings and actions with respect to Malese Foods Corp. and/or Lawrence Kadish in connection with the offering and sale of these properties.

Very truly yours,

MALESE FOODS CORP.

By: _____

Lawrence Kadish, VP

cc:    Balkhouse Associates L.P.
       ML Balkhouse Properties Corp.
       Kroger Texas L.P.
       Kroger Limited Partnership I
       Merrill Lynch Pierce, Fenner & Smith

EXHIBIT 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

The Kroger Co.                          )
                                        )    **Case No.**
                                        )    **Judge:**
              v.                        )    **Corporate Disclosure Statement**
                                        )
Malease Foods Corp., formerly           )
known as Malese Foods Corp.             )

      Pursuant to the Corporate Disclosure Statement provisions in Local Civil Rule 3.4: Any non-governmental corporate party to a proceeding must file a Corporate Affiliations/Financial Interest statement identifying all of its parent, subsidiary and other affiliate corporations and listing any publicly held company that "controls, is controlled by, or is under common control with a publicly controlled corporation." A party must file the statement upon filing a complaint, answer, motion, response or other pleadings in this Court, whichever occurs first. The obligation to disclose any changes will be continuing throughout the pendency of this case.

      In compliance with those provisions, this Corporate Disclosure Statement is filed on behalf of:

_____.

1.     Is said party a parent, subsidiary or other affiliate of a publicly owned corporation?

     _____Yes      ___X___No

     If the answer is Yes, list below the identity of the parent, subsidiary or other affiliate corporation and the relationship between it and the named party:

2.     Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome? _____Yes     ___X___No

     If the answer is Yes, list the identity of such corporation and the nature of the financial interest.

_Scott P. Gulher_        _6/17/02_
**(Signature of Counsel)**       **(Date)**

# "Certificate of Service"

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial conference of the United States in September 174, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. **(SEE INSTRUCTION SON THE REVERSE OF THE FORM.)**

**I.(a) PLAINTIFFS**   The Kroger Co.

**DEFENDANTS**   Malease Foods Corp.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   Hamilton

**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____

(EXCEPT IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE (NUMBER)**
Scott D. Phillips
Frost Brown Todd LLC
2200 PNC Center
201 E. 5th St.
Cincinnati, Ohio 45202
513-651-6983

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION**   (PLACE AN X IN ONE BOX)

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question (U.S. Government Not a Party)

☒ 4   Diversity (indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**   (For Diversity Cases Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**   (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (Specify)   ☐ 5 Multidistrict Litigation   ☐ 7 Appeal to District Jude from Magistrate Judgement

**V. NATURE OF SUIT**   (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airline | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airline Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Property 21 USC | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault. Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** ☐ 690 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** ☐ 710 Fair Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agriculture Acts |
| ☒ 190 Other Contact | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 730 Taxes (U.S. Plaintiff Or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 779 Other Labor Litigation | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of States Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | |
| ☐ 290 All Other Real Property | | | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. § 1332 – breach of contract action based on diversity of citizenship

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23   **CLASS ACTION**

**DEMAND $** _____

Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)**   (See Instructions)   JUDGE _____   DOCKET NUMBER _____

DATE:   6-14-02   SIGNATURE OF ATTORNEY OF RECORD:   _Scott Phillips_

CINIlibrary/1190202.1

FROST BROWN TODD LLC
ATTORNEYS & COUNSELORS AT LAW
2200 PNC CENTER
201 EAST 5TH STREET
CINCINNATI, OH 45202

FIRSTAR
Bank Without Boundaries   Bank, N.A.

CINCINNATI, OH 45202
13-1
420

9521

6/14/2002

PAY TO THE
ORDER OF _____ United States District Court

$ **150.00

One Hundred Fifty and 00/100************************************************************ DOLLARS

THIS CHECK IS VOID IF WATERMARK IS NOT VISIBLE ON BACK OF CHECK
VOID AFTER 90 DAYS

MEMO  505960 - 25

FROST BROWN TODD LLC, CINCINNATI, OHIO 45202

⑆00952⑆ ⑈041 20000 13⑈  8 2 168 36 1 2

9521



THE **Kroger** CO.

1014 VINE STREET · CINCINNATI, OHIO 45202-1100

March 27, 2002

Certified Mail, Return Receipt Requested and First Class Mail

Malese Foods Corp.
c/o Lawrence Kadish
135 Jericho Turnpike
Old Westbury, NY  11568

RE:    2301 Hunter Road, San Marcos, TX; 1100 New Salem Highway, Murfreesboro,
Tennessee; 2840 Pioneer Drive, Bowling Green, Kentucky

Gentlemen:

This will acknowledge receipt of your letter dated March 14, 2002.

Please take notice and be advised that the attempt to "reject" the notice given in the letter
from the undersigned dated February 18, 2002, is not accepted and is of no force and
effect.

Reference is made to the letter from the undersigned dated February 18, 2002, and each
and every statement is adopted by this letter as if set out fully herein.

Your letter alleges certain activities to be outside the "scope of the Purchase Options" but
fails to specify what these might be and it can only be assumed that you may not be
apprised of all the facts or are under some misapprehension as to what we believe to be
clear legal aspects of the laws of the three jurisdictions applicable to this situation.

The Kroger Co. will take whatever action is required to fully protect its interests and to
enforce its rights and, specifically, to enforce the Purchase Options which have been

I:\4428\4425\032602-1 doc

Malease Foods Corp.
March 27, 2002
Page 2


legally exercised in a timely manner as provided in the documents referenced in the Notice of February 18, 2002, and fully incorporated herein. Malease Foods Corp. must perform its contractual obligations so as not to cause harm to The Kroger Co.

THE KROGER CO.


By:_____

James E. Hodge
Vice President