# J

GARY L. RILEY, Plaintiff-Appellant, v. LITTELLINTERNATIONAL, INC., Defendant, and COOPER-WEYMOUTH, PETERSON, INC., Defendant-Appellee.

No. 98-3620

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1999 U.S. App. LEXIS 15130

July 1, 1999, Filed

NOTICE:

[*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 206 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 206 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

SUBSEQUENT HISTORY: Reported in Table Case Format at: 1999 U.S. App. LEXIS 27849.

PRIOR HISTORY: ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO. 97-00688. Dowd, Jr. 4-23-98.

DISPOSITION: AFFIRMED.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff appealed a judgment from the United States District Court for the Northern District of Ohio that granted defendant summary judgment in plaintiff's products liability suit, which alleged that a defect in defendant's product contributed to plaintiff's work-related injury. Plaintiff contended that the trial court erred in refusing to accept his late-filed expert witness report.

OVERVIEW: Plaintiff challenged a judgment that granted defendant summary judgment in plaintiff's products liability suit, which alleged that a defect in defendant's product contributed to plaintiff's loss of two fingertips in a work-related injury. On appeal, the court affirmed the judgment for defendant. The court first noted that, under Ohio law, the absence of supporting expert testimony was fatal to a claim such as plaintiff's. The court then recounted that plaintiff submitted the name of an expert, within the trial court's Fed. R. Civ. P. 16 litigation schedule, but failed to submit an expert witness report within either the original or revised deadline dates, failed to request extensions, and failed to oppose defendant's motion to strike any expert testimony proposed by plaintiff. Thus, the court ruled, it was not an abuse of discretion for the trial court to reject plaintiff's expert witness report, prepared by one other than his originally named witness, and tendered months after the filing deadline had passed, without excuse for the delay. Thus, the court ruled, as plaintiff had no supporting expert testimony, summary judgment was properly entered for defendant.

OUTCOME: The court affirmed a judgment that granted defendant summary judgment in plaintiff's products liability suit. Because plaintiff repeatedly missed the filing dates for his expert witness report, failed to request extensions, and offered no explanation for his delay, the trial court did not abuse its discretion in refusing to accept plaintiff's untimely report. Thus, without expert testimony, plaintiff's claim could not survive summary judgment.

CORE TERMS: deadline, expert witness, summary judgment, expert testimony, status conference, motion to strike, leave to file, product liability, good cause, belatedly-tendered, written order, decoiler

LexisNexis(R) Headnotes

Civil Procedure: Trials: Pretrial Conferences
[HN1] Under Fed. R. Civ. P. 16 (Rule 16), a district court is required to establish a schedule to control litigation before it. Such a schedule may include a deadline for providing expert witness information in accordance with Fed. R. Civ. P. 26(a)(2). Once the schedule is in place, Rule 16 declares that it may not be modified except upon a showing of good cause and by leave of the district judge. If a party fails to comply with the scheduling order, the district court, upon motion or sua sponte, may make such orders with regard thereto as are just, including prohibiting the disobedient party from introducing designated matters into evidence.

COUNSEL: For GARY L RILEY, Plaintiff - Appellant: William J. Shramek, Jeffries, Kube, Forrest & Monteleone, Cleveland, OH.

For COOPER-WEYMOUTH, PETERSON, INC., Defendant - Appellee: Joseph A. Castrodale, Julie A. Harris, Calfee, Halter & Griswold, Cleveland, OH.

JUDGES: Before: WELLFORD, NELSON, and GILMAN, Circuit Judges.

OPINION: PER CURIAM. The plaintiff in this product liability action repeatedly missed deadlines for the filing of an expert witness report. As a result, the district court barred him from relying on expert witness testimony. Under Ohio law, applicable here under Erie R. Co. v. Tompkins, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938), the absence of supporting expert testimony is fatal to a claim of the type asserted[*2] by the plaintiff. Accordingly, the district court entered summary judgment in favor of the defendant. Because we conclude that the district court did not abuse its discretion in refusing to accept a belatedly-tendered expert witness report, offered with no excuse for the delay, we shall affirm the judgment.

I

While operating a steel decoiler at his place of employment, plaintiff Gary Riley sustained the loss of two fingertips after he attempted to stop the decoiler's rotation manually. Asserting that a defect in the device had contributed to his injury, Mr. Riley sued the manufacturer, Littel International, Inc., in an Ohio common pleas court. Littel removed the action to federal district court on diversity grounds. Mr. Riley subsequently joined Cooper-Weymouth, Peterson, Inc. -- a company that had succeeded Littel in interest -- as a defendant. Mr. Riley's claims against Littel were then dismissed without prejudice.

During a status conference held on September 15, 1997, the district court orally established a schedule to control the remainder of the litigation. November 15, 1997, was fixed as a deadline for the filing of an expert witness report by the plaintiff.

Mr. Riley identified[*3] his expert -- one Simon Tamny -- on time, but failed to file an expert witness report. (Rule 26(a)(2), Fed. R. Civ. P., requires that such a report contain, among other things, a complete statement of the expert's opinions and the bases therefor.) Subsequent to November 15, counsel for Cooper-Weymouth sent Mr. Riley's counsel a letter requesting the required report. The request went unanswered.

It came to the district court's attention that the court had failed to enter a written order memorializing the deadlines established during the status conference. On December 5, 1997, therefore, the court issued a written order establishing new deadlines. Mr. Riley was given until December 29, 1997, to file his expert witness report. December 29 came and went without such a report having been filed, and there was no request for an extension.

With the close of discovery fast approaching, Cooper-Weymouth filed a motion to strike any expert testimony Mr. Riley might attempt to offer in support of his claim. Mr. Riley never responded to the motion.

Cooper-Weymouth then moved for summary judgment, contending that Mr. Riley could not succeed on his claim without expert testimony. In response to[*4] this motion Mr. Riley filed a brief indicating that he would tender an expert opinion later.

On March 30, 1998 -- the same day as a status conference called by the district court -- Mr. Riley moved for leave to file an expert witness report prepared not by Simon Tamny, but by a man named Richard Harkness. Mr. Riley offered no

1999 U.S. App. LEXIS 15130, *

explanation for failing to meet the previously established deadline, for failing to move for an extension, and for failing to oppose the defendant's motion to strike. The district court therefore granted the motion to strike and denied leave to file the belatedly-tendered Harkness report. This left Mr. Riley with no expert testimony to support his product liability claim, and Cooper-Weymouth's motion for summary judgment was accordingly granted. This appeal followed.

II

Mr. Riley asserts on appeal that the district court erred in refusing to permit the filing of his late-tendered expert witness report. If the report had been considered, he contends, Cooper-Weymouth's motion for summary judgment would have been denied.

[HN1] Under Rule 16, Fed. R. Civ. P., the district court was required to establish a schedule to control the litigation. Such a schedule may include [*5]a deadline for providing expert witness information in accordance with Rule 26(a)(2), Fed. R. Civ. P. Once the schedule is in place, Rule 16 declares that it "may not be modified except upon a showing of good cause and by leave of the district judge." If a party fails to comply with the scheduling order, the district court, upon motion or sua sponte, "may make such orders with regard thereto as are just," including prohibiting the disobedient party from introducing designated matters into evidence.

In the present case, as we have seen, Mr. Riley first identified Simon Tamny as his expert, and then tendered a report from a previously unidentified expert (Richard Harkness) some three months after the expiration of the revised deadline. As the district court correctly noted, Mr. Riley never demonstrated good cause for his defalcation. (On appeal, Riley has still offered no explanation of why modification of the Rule 16 deadline would have been warranted.) The district court thus acted well within its discretion in denying the motion for leave to file the Harkness report out of rule.

Without an expert's report, as Mr. Riley concedes, he cannot survive the motion for summary judgment. [*6] Under Ohio law, the concession is appropriate. See Dent v. Ford Motor Co., 83 Ohio App. 3d 283, 614 N.E.2d 1074 (Ohio Ct. App. 1992). The grant of summary judgment is therefore AFFIRMED.