UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| v. | : | **THE KROGER CO'S MEMORANDUM IN OPPOSITION TO AN EXTENSION OF TIME** |
| MALEASE FOODS CORP., | : | |
| Defendant. | : | |

      The Kroger Co.'s ("Kroger") opposes Defendant Malease Foods Corp.'s ("Malease") Motion to Extend Time. Malease has continually asked for more time, and the delays are prejudice to Kroger. The reason that Kroger has moved for Malease to show cause is precisely this prejudicial pattern of delay that has prevented Kroger from the use of its $11,000,000 that it will receive when it consummates the sale of its San Marcos, Texas property. This closing should have taken place shortly after April 1, 2003 and to date has still not taken place, despite this Court's order granting injunctive relief to Kroger in July. Malease continues to hold this property hostage—refusing to close on it or do anything that this Court has required it to do, while putting off the trial on damages with its late motions.

      In addition to the loss of its use and sale of the Texas property, Kroger continues to suffer the loss associated with its lack of clear title to the Kentucky and Tennessee properties. Kroger is prejudiced by any delays that Malease seeks to introduce in its attempt to gain leverage. Until forced to do something, Malease has made it abundantly clear that it intends to do nothing.

Malease's motion on damages is six months late in the first place, according to the Court's trial schedule. Dispositive motions were to be filed no later than March 1, 2004. Malease requested that the discovery deadline be extended, having wasted the entire period between October 30, 2003 to February 1, 2004. Kroger acquiesced to an extension, entered by the Court to give Malease through February 27, 2004. Subsequently, Malease filed its Motion for Summary Judgment—also after requesting an extension of time from March 1, 2004 to April 9, 2004 and again Kroger acquiesced.

Now, having filed a Motion to dismiss Kroger's damages claims six months late, counsel for Malease embarked on a trip to Europe until October 7, 2004—a date nearly two weeks after the its deadline, by Civil Rule, to reply to Kroger's Memorandum in Opposition to Malease's Motion. October 7 *is* the deadline for Malease to respond to Kroger's Motion to Show Cause. Malease failed to consult with Kroger or file anything with the Court about its failure to comply with the Civil Rules time requirements until after the deadline for filing a Reply had passed. Kroger has acquiesced over and over with respect to Malease's delays and failure to file its pleadings in a timely manner, but such acquiescence has its limits. Those limits have been not only reached, but passed long ago.

This entire pattern of continual delay is tremendously prejudicial to Kroger. Kroger incurs a constant monthly amount of damages of nearly $96,000 compounded from April 1, 2003, because it is deprived from the use of the $11 million dollars that it should possess from its consummated deal with H.E. Butt. (See Jonathan Libbert expert report, dated October 30, 2003, attached as Exhibit E to Kroger's Motion to Show Cause). Malease, no doubt, believes that by delaying the closing on the properties, it puts pressure on Kroger to negotiate some kind of settlement. These tactics should not be rewarded any further.

For all of these reasons, Malease's Motion to Extend Time should be denied, Kroger's Motion to Show Cause should be heard, and a trial for damages should be set at the court's earliest convenience.

Respectfully submitted,

/s/ Scott D. Phillips_____
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion and Memorandum in Support has been sent by ordinary United States mail, postage prepaid on this 4th day of October, 2004 to:

R. Gary Winters, Esq.
McCaslin, Imbus & McCaslin
900 Provident Bank Building
632 Vine Street
Cincinnati, OH 45202-2442

Robert W. Cinque, Esq.
Cinque & Cinque
845 3rd Avenue, Suite 1400
New York, NY  10022

/s/ Scott D. Phillips_____

CINlibrary/1440474.1

CinLibrary 0046906.0505960  1440474v.1