UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| v. | : | **THE KROGER CO'S REPLY IN SUPPORT** |
| | : | **OF ITS MOTION TO SHOW CAUSE, OR** |
| | : | **IN THE ALTERNATIVE, FOR** |
| MALEASE FOODS CORP., | : | **LEAVE TO REQUEST INJUNCTIVE** |
| | : | **RELIEF AND ORDER MALEASE TO** |
| Defendant. | : | **RELINQUISH ITS INTEREST IN THE** |
| | : | **PROPERTIES AND MEMORANDUM IN** |
| | : | **SUPPORT** |

The Kroger Co.'s ("Kroger") moved this Court to require Defendant Malease Foods Corp. ("Malease") to show cause why they refuse to obey this Court's Order in this case dated July 27, 2004. The Order requires Malease to sell its leasehold interests in the subject properties to Kroger, as Malease admits in its Memorandum in Opposition.

Kroger wrote to Malease in August, requesting a closing date of October 1, 2004. Malease refused, stating that "we will not have a closing soon." In its Memorandum in Opposition, Malease makes only one argument—that it is not required to comply with this Order until the damages portion of the case is completed and it has taken an appeal.

However, this position is untenable. Malease is free to appeal the injunction, despite its protests to the contrary. See 28 U.S.C. 1292(a). Malease must seek a stay at the same time. Civ.R. 62(c); Civ.R. 62(d). Malease is free to apply for a stay without appealing as well. Civ.R. 62(h). What Malease cannot do is refuse to comply with the order and at the same time refuse to appeal or apply for a stay. The reason Malease is doing none of these things is because Malease seeks to avoid posting a sizeable bond ($11 million dollars) as long as possible.

Malease's refusal to do anything—appeal or seek a stay or relinquish the subject properties—violates this Court's Order. Kroger is suffering great harm on a daily basis, as Malease freely admits at page 9 of its Memorandum in Opposition and as demonstrated in Kroger's Motion to Show Cause. As a result, Malease should be required to show cause why it should not be found in contempt and ordered to pay sanctions.

In the alternative, if this Court finds that it did not order an immediate sale of Malease's interest to Kroger, Kroger respectfully requests leave to obtain an order for immediate injunctive relief against Malease in the form of immediate specific performance requiring Malease to relinquish its interests in the subject properties. Kroger is incurring sizeable damages every day that Malease delays due to the amount of money at stake.

If Malease wants to take an immediate appeal from that order, and wants a stay pending that appeal, the Malease should be forced to post a bond equivalent to the amount of money that is currently being withheld from Kroger due to Malease's refusal to comply with the Court's order--$11 million dollars.

For the many reasons stated in its Motion to Show Cause, Kroger respectfully requests that this Court enforce its Order, by ordering Malease to show cause why it will not close on the subject property interests as soon as practicable and by sanctioning Malease if it continues to refuse to do so.

Kroger respectfully requests in the alternative that this Court clarify that it did issue a permanent injunction that requires Malease to close on the subject property interests within sixty days of the order or face sanctions if Malease continues to refuse to do so.

In the alternative to these requests aimed at ordering Malease to do what it should already do and close on the property interests, Kroger respectfully requests that the Court grant a trial date on the damages issue as soon as is practicable.

Respectfully submitted,

/s/ Scott D. Phillips_____
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion and Memorandum in Support has been sent by ordinary United States mail, postage prepaid on this 21st day of October, 2004 to:

R. Gary Winters, Esq.
McCaslin, Imbus & McCaslin
900 Provident Bank Building
632 Vine Street
Cincinnati, OH 45202-2442

Robert W. Cinque, Esq.
Cinque & Cinque
845 3rd Avenue, Suite 1400
New York, NY  10022

/s/ Scott D. Phillips_____

CINlibrary/1445346.1

CinLibrary 0046906.0505960  1445346v.1