IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| The Kroger Company, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:02-CV-439 |
| ) | |
| vs. ) | |
| ) | |
| Malease Food Corporation, ) | |
| ) | |
| Defendant. ) | |

O R D E R

This matter comes before the Court on Plaintiff Kroger Company's motion to show cause, or in the alternative, for leave to request injunctive relief and order Malease to relinquish its interest in the properties (Doc. No. 53). Also before the Court is Defendant Malease Food Corporation's motion for leave to file motion to dismiss (Doc. No. 52). For the reasons that follow, Plaintiff's motion is well-taken and is **GRANTED**; Defendant's motion for leave to file motion to dismiss is not well-taken and is **DENIED**.

A. Plaintiff's Motion to Show Cause

On July 27, 2004, the Court entered an order (Doc. No. 51) which found that Plaintiff Kroger Company ("Kroger") had properly exercised options to purchase leasehold interests held by Defendant Malease Food Corporation ("Malease") and that Malease "is compelled under the leases to sell its leasehold interests in the subject properties to Kroger." Doc. No. 51, at 19. The Court's order was in substance an order of specific performance directing Malease to convey its interests in parcels

of real property.  Still remaining for disposition after the entry of this order was Kroger's claim for money damages under the complaint.

Following the entry of this order, Kroger proposed to Malease closing dates for conveyance of the subject properties. Malease, however, rejected Kroger's attempt to set a closing date to transfer the leasehold interests because it has several grounds for appealing the Court's adverse jurisdictional and summary judgment orders.  In its pleadings before the Court, Malease essentially raises the same arguments against ordering an immediate conveyance of the properties.  Malease notes that there are still issues to be resolved in the case, that it has grounds for appealing the Court's orders, that it may seek a stay of the Court's judgment pending appeal, and that ordering it to convey its interests in the properties at this time would seriously infringe on its appellate rights.

The Court is cognizant, of course, that Malease has grounds for appealing the Court's orders and that there are issues that remain to be resolved.  Nonetheless, there is a body of authority which holds that a trial court's decree of specific performance is an immediately appealable interlocutory order despite the fact issues remain in the case for disposition.  See Trustees of Central States Laborers' Pension, Welfare & Annuity Funds v. Shores Builders, Inc., No. 98-1542, 1999 WL 38096, at **4 (7th Cir. Jan. 8, 1999) (collecting cases); 16 Wright, et al., FEDERAL PRACTICE & PROCEDURE § 3922, at 76  (2nd ed.   1996)

("An order granting specific performance should present few difficulties for purposes of interlocutory appeal.  An order directing immediate transfer of property, for example, should be appealable even though proceedings to determine damages remain.").

Therefore, because the Court's summary judgment order appears to be immediately appealable, the Court agrees with Kroger that Malease should be required to either post an appropriate bond or proceed as soon as is practical to convey its leaseholds to Kroger in accordance with the Court's order.  The Court notes that determining the amount of bond and/or the sale price of the leaseholds should not pose too much difficulty because the two party agreements between the parties establish a formula for setting the value of the properties at the time of the exercise of the options.  See Two Party Agreements § 3(a) (Doc. No. 54, Ex. O).

Accordingly, the Court directs the parties to file a memorandum within ten (10) days of the date of this order setting forth their positions with regard to the appropriate amount for the bond.  The parties shall not file memoranda in opposition to its opponent's brief unless specifically asked to do so by the Court.

B. <u>Defendant's Motion for Leave to File Motion to Dismiss</u>

Defendant Malease has filed a motion for leave to file a motion to dismiss Kroger's claim for damages incurred as a result of Malease's breach of the purchase options.  The damages

that Kroger claims as a result of Malease's breach are lost rent revenues and lost profits from its inability to convey the San Marcos, Texas property to a buyer, H.E. Butt.  Even though the time for filing dispositive motions has passed according to the trial calendar established by Magistrate Judge Sherman, and in fact the Court has issued rulings on cross-motions for summary judgment filed by the parties, Malease now wants to file an additional dispositive motion addressing Kroger's damages claim.  In its motion, Malease argues that Kroger's damages claim should be dismissed because under Texas law, Kroger cannot recover lost future profits as result of its breach, that Kroger did not plead special damages with the specificity required by Texas law, and because Kroger allegedly did not comply with its discovery obligations by not producing the Kroger/Butt contract supporting its damage claims.  The Court notes that Malease had ample opportunity to raise each of these arguments during the summary judgment phase of this case.  In its earlier pleadings addressing Kroger's damages claims, Malease contented itself with attacking the accuracy and reliability of the opinion of Kroger's expert on damages.  <u>See</u> Doc. No. 45, at 16-17.  Malease has not proffered any explanation for not raising these arguments earlier.  Therefore, in the Court's opinion, Malease has waived the right to have the Court consider these arguments at this time.  <u>Leary v. Daeschner</u>, 349 F.3d 888, 907 (6th Cir. 2003)(party must show good cause for altering the trial court's scheduling order).

Accordingly, Malease's motion for leave to file a motion to dismiss is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date November 23, 2004         s/Sandra S. Beckwith
                       Sandra S. Beckwith, Chief Judge
                         United States District Court