UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Kroger Co., | : | Case No.: 0-1-02 439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Sherman, M.J. |
| v. | : | |
| | : | **MALEASE'S MEMORANDUM** |
| Malease Foods Corp., formerly | : | **CONCERNING THE AMOUNT** |
| known as Malese Foods Corp., | : | **OF A BOND AS A CONDITION TO** |
| | : | **A MANDATORY INJUNCTION** |
| Defendant. | : | |

_____

Pursuant to this Court's November 23, 2004 Order, and with the respectful reservation of all appellate rights, Malease states that it is ready to proceed as soon as practical to convey its leaseholds to Kroger in accordance with the Court's Order.[1]

Malease requests that Kroger post a bond in the sum of $1.5 million for the following reasons:

## GOVERNING PRINCIPLES

As noted by the Supreme Court, "A party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond." W.R. Grace & Co. v. Local Union 759, 461 U.S. 757, 770 n. 14, 103 S.Ct. 2177,

---

[1] Malease concurs with the Court's observation that the sale price of the leaseholds should not pose too much difficulty as the formula is set forth in the Two Party Agreements.

2186 n. 14, 76 L.Ed.2d 298 (1983).

A party in the position of Kroger which seeks injunctive relief "consent[s] to liability up to the amount of the bond, as the price for [the injunction]."  Commerce Tankers Corp. v. National Maritime Union, 553 F.2d 793, 800 (2d Cir.), cert. denied, 434 U.S. 923, 98 S.Ct. 400, 54 L.Ed.2d 280 (1977).

Put another way, the question is whether Malease "ought not to have been enjoined."  Russell v. Farley, 105 U.S. 433, 438-41, 26 L.Ed. 1060 (1882).

A determination on appeal that Malease was not required to convey its interests pursuant to the mandatory injunction to be issued by this Court would necessarily mean that Kroger had not properly exercised its option to acquire the Malease leasehold positions, and therefore under Article XX of each of the leases there would have been an automatic renewal of five years commencing April 1, 2003.

As the foregoing authorities show, the amount of the bond to protect a party wrongfully enjoined is the limit of its monetary recovery.  It is undisputed that the net amount due Malease as rent (the excess between the rent due from Kroger to Malease under the three Lease Agreements dated April 1, 1983 and the rents due from Malease to Kroger under the single Lease Agreement dated June 1, 1983) is $100,000.00 per annum or a monthly rent of $8,333.33 commencing April 1, 2003.  As of November 30, 2003 the total amount due Malease would be $158,333.27 (calculation $8,333.33 x 19

months = $158,333.27). Assuming that it will take approximately two more years for this matter to be finally resolved through the conclusion of proceedings in this Court as well as the exhaustion of the appellate process, there would be an additional sum of $200,000.00 due Malease for a total rent of $358,333.27.

Beyond the rent or payment for use and occupancy that would be due Malease if it prevailed on its counterclaims, there are damages which could flow from Malease's lost opportunity to profit from a sale of its leasehold position to Butt (in the case of the San Marcos facility) or some other third party. Bearing in mind that both Malease and Kroger had substantially similar agreements to sell the San Marcos facility for a purchase price of $11,200,000.00 to Butt (Kadish Dec. on SJ Motion (¶ 13), and taking into consideration that we also have the Kentucky and Tennessee sites, the potential damage to Malease from a wrongful mandatory injunction compelling it to convey its leasehold interests could easily exceed the sum of $1 million.

Of course, with all the variables it is difficult if not impossible to forecast damages from a wrongful injunction with any degree of mathematical precision. This is often the case with injunctions, and bearing in mind that the amount of the bond sets the outer limit of the damage recovery, questions as to the amount should be resolved in favor of Malease, the party for whose benefit the bond is furnished in the event an appellate court determines it was wrongfully enjoined.

Taking into consideration all relevant factors including payment for use and occupancy, lost profits and other related damages, Malease proposes a bond in the sum of $1.5 million.

Finally, as a matter of basic fairness to both Malease and to any innocent potential third party purchaser of the Kentucky or Tennessee properties,[2] Malease requests that as part of its mandatory injunction order, this Court require that Kroger advise any potential purchaser that any transfer is subject to the rights of Malease in the pending litigation including all appellate rights. If this is done, then all interested parties will have sufficient information to make an informed decision as to whether to purchase, as they would be on notice of the possibility that if Malease were to prevail on appeal, then restitution might be ordered. Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 88 L.Ed. 754 (1944).[3]

                                                Respectfully submitted,

                                                /s/ R. Gary Winters
                                                R. Gary Winters 0018680
                                                Attorneys for Defendant
                                                McCASLIN, IMBUS & McCASLIN
                                                Suite 900 Provident Bank Building
                                                632 Vine Street
                                                Cincinnati, Ohio 45202-2442
                                                Telephone No.: 513-421-4646

---

[2] It is not necessary for this Court to require notice to Butt as it presently has and will continue to have actual notice of the claims of Malease in this litigation.

[3] While a stay pending appeal would obviate many of these problems, Malease candidly acknowledges that based upon the recitations in the Order, a formal application for such a stay would not be granted by this Court.

4

Telefax No.: 513-421-7929
Email: RGWinters@mimlaw.com

OF COUNSEL:
Robert W. Cinque, Esq.
CINQUE & CINQUE, P. C.
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone No.: 212-759-5515
Telefax No.: 212-759-7737
Email: CINQUE845@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2004 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ R. Gary Winters
R. Gary Winters   0018680
Attorney for Defendant
Suite 900 Provident Building
632 Vine Street
Cincinnati, OH 45202-2442
(513) 421-4646 Telephone
(513) 421-7929 Facsimile
rgarywinters@zoomtown.com