# EXHIBIT A

LORI HOGE, Plaintiff, v. HONDA OF AMERICA MFG., INC.,Defendant.
Case No. 2:00-CV-995

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OFOHIO, EASTERN DIVISION

2003 U.S. Dist. LEXIS 4068

February 28, 2003, Decided
March 3, 2003, Filed

SUBSEQUENT HISTORY: Subsequent appeal at, Remanded by Hoge v. Honda of Am. Mfg., 2004 U.S. App. LEXIS 19384 (6th Cir.) (6th Cir. Ohio, 2004)

DISPOSITION: [*1] Plaintiff's Motion for Attorney's Fees and Costs GRANTED. Defendant's Motions for Stay of Execution of Judgment GRANTED.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff prevailed on her claim that defendant violated the Family and Medical Leave Act (FMLA), 29 U.S.C.S. § 2601 et seq. Plaintiff moved for attorney's fees and cost pursuant to Fed. R. Civ. P. 54(d). Defendant moved to stay execution of the judgment pending appeal pursuant to Fed. R. Civ. P. 62(d).

OVERVIEW: Defendant opposed the request for attorney's fees and cost on the basis that the sums requested were not "reasonable" and were, in part, attributable to the liquidated damages claim which was resolved in defendant's favor. Defendant emphasized that the fees were roughly six times greater than the amount of recovery realized by plaintiff. The court found that counsel's hourly rate of $125 was reasonable. The issue presented in this case was one of first impression in this circuit. Thus, given the nature of the case, the hours expended by plaintiff's counsel were reasonable. The fact that the amount of attorney's fees generated was disproportionate to the amount of damages awarded did not necessarily foreclose the recovery of fees. However, the attorney's fees were reduced by $100 for time billed for research on the liquidated damages claim. While the court did not necessarily doubt defendant's ability to pay the judgment including the attorney's fees and costs herein awarded, the court declined to depart from the plain language Fed. R. Civ. P. 62(d). Thus, defendant was entitled to a stay of execution but it had to post a supersedeas bond.

OUTCOME: Plaintiff's motion for attorney's fees and costs was granted. Defendant's motion for a stay of execution of judgment was granted, but defendant was ordered to post a supersedeas bond with the clerk of the court.

CORE TERMS: liquidated damages, supersedeas bond, expended, reasonableness, notice of appeal, ability to pay, proportionality, lodestar, posting, work performed, time spent, summary judgment, plain language, pending appeal, fee request, hourly rate, novelty, inextricably intertwined, issue presented, prevailing, depositions, excessive, billed

LexisNexis(R) Headnotes

Civil Procedure: Costs & Attorney Fees: Attorney Fees
Labor & Employment Law: Leaves of Absence: Family & Medical Leave
[HN1] The Family and Medical Leave Act (FMLA), 29 U.S.C.S. § 2601 et seq., provides for an award of attorneys' fees and costs to a prevailing plaintiff.

Civil Procedure: Costs & Attorney Fees: Attorney Fees
Labor & Employment Law: Leaves of Absence: Family & Medical Leave
[HN2] See 29 U.S.C.S. § 2617(a)(3).

Civil Procedure: Costs & Attorney Fees: Attorney Fees
Labor & Employment Law: Leaves of Absence: Family & Medical Leave
[HN3] The United States Court of Appeals for the Sixth Circuit holds that the plain language of 29 U.S.C.S. § 2617(a)(3) mandates an award of attorney's fees in cases where a violation of the Family and Medical Leave Act (FMLA), 29 U.S.C.S. § 2601 et seq., is established.

Civil Procedure: Costs & Attorney Fees: Reasonable Fee Amount
[HN4] The primary concern in considering a motion for attorney's fees is that the award be reasonable. In other words, an award should adequately compensate counsel yet avoid producing a windfall to the lawyer. In assessing the reasonableness of the fees, the court should first ascertain counsel's lodestar, i.e., the proven number of hours reasonably expended multiplied by the attorney's reasonable hourly rate. The court may adjust the lodestar to reflect relevant considerations peculiar to the subject litigation. Nonetheless, there is a "strong presumption" that a prevailing lawyer is entitled to his lodestar fee.

Civil Procedure: Costs & Attorney Fees: Reasonable Fee Amount
[HN5] With regard to the determination of a reasonable award of attorneys' fees, the factors which may be considered by the court are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Civil Procedure: Costs & Attorney Fees: Attorney Fees
Civil Procedure: Costs & Attorney Fees: Reasonable Fee Amount
[HN6] The fact that the amount of attorney's fees generated is disproportionate to the amount of damages awarded does not necessarily foreclose the recovery of fees. The United States Supreme Court holds in the context of a fee request for a successful claim under 42 U.S.C.S. § 1988 that proportionality is a factor which may be considered in considering the reasonableness of a fee request, but proportionality is not necessarily required. This reasoning has been applied in other contexts. As observed by the Supreme Court there is no precise rule or formula for determining the reasonableness of the relation between the fee requested and the relief obtained.

Civil Procedure: Entry of Judgments: Stay of Proceedings & Supersedeas
[HN7] See Fed. R. Civ. P. 62(d).

Civil Procedure: Entry of Judgments: Stay of Proceedings & Supersedeas
[HN8] Under Fed. R. Civ. P. 62(d), a judgment debtor is entitled to a stay pending appeal upon the posting of a sufficient supersedeas bond. A district court may, in its discretion, grant a stay without the posting of a bond if the moving party demonstrates that its ability to pay is so plain that the cost of bond would be a waste of money. Nonetheless, because Rule 62(d) requires posting a bond, the requirement should be waived only in "extraordinary circumstances."

COUNSEL: For LORI HOGE, plaintiff: Gary A Reeve, Columbus, OH.

For HONDA OF AMERICA MANUFACTURING INC, defendant: Theodore P Mattis, Mary Ellen Fairfield, Vorys Sater Seymour & Pease, Columbus, OH.

JUDGES: EDMUND A. SARGUS, JR., UNITED STATES DISTRICT JUDGE. Magistrate Judge Mark R. Abel.

OPINIONBY: EDMUND A. SARGUS, JR.

OPINION: OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Application for Attorney's Fees and Costs (Doc. # 39) and Defendant's Motions to Stay Execution of the Judgment pending Appeal (Doc. # 30 and # 41). For the reasons that follow, the motions are granted.

I.

This is a case under the Family Medical Leave Act ["FMLA"], 29 U.S.C. § 2601, et seq. On February 14, 2002, this Court granted Plaintiff's Motion for Summary Judgment on Defendant's violation of § 2614 of the FMLA. On May 3, 2002, the Court denied Plaintiff's request for liquidated damages.[*2] On July 30, 2002, the Court directed the entry of Judgment in Plaintiff's favor in the amount of $3,781.20 as compensatory damages for the FMLA violation. Plaintiff now seeks attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d).

Plaintiff seeks an award of $18,212.50 in attorney's fees and $1,244.99 in litigation costs. The Defendant opposes the request on the basis that the sums requested are not "reasonable" and are, in part, attributable to the liquidated damages claim which was resolved in Defendant's favor. As to the reasonableness of the fees, Defendant emphasizes that the sum is roughly six times greater than the amount of recovery realized by Plaintiff. Defendant further argues that the work performed by Plaintiff's counsel was excessive in light of the value of the case. In particular, Defendant contends that the taking of six depositions of Defendant's associates was unnecessary.

In response, Plaintiff argues that the work performed in this case was not excessive. In addition, Plaintiff argues that it is not possible to separate out the time spent on the liquidated damages issue because the issue was inextricably intertwined with the case as a whole. Further, [*3] Plaintiff argues that the fact that the amount of attorney's fees sought is greater than the overall damage award is of no consequence to whether fees should be awarded.

II.

[HN1] The FMLA provides for an award of attorneys' fees and costs to a prevailing plaintiff. The statute states:

( [HN2] 3) Fees and costs. The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.

29 U.S.C. § 2617(a)(3). As [HN3] the Sixth Circuit has observed, the plain language of the statute mandates an award of attorney's fees in cases where a violation of the FMLA is established. Bond v. Abbott Laboratories, 188 F.3d 506 (6th Cir. 1999).

[HN4] The primary concern in considering a motion for attorney's fees is that the award be reasonable. In other words, an award should adequately compensate counsel yet avoid producing a windfall to the lawyer. Adcock-Ladd v. Sec. of Treasury, 227 F.3d 343, 349 (6th Cir.2000) (citations omitted). In assessing the reasonableness of the fees, the Court should first[*4] ascertain counsel's lodestar, i.e., the proven number of hours reasonably expended multiplied by the attorney's reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). The Court may adjust the lodestar "to reflect relevant considerations peculiar to the subject litigation." n1 Adcock-Ladd, 227 F.3d at 349. Nonetheless, there is a "strong presumption" that a prevailing lawyer is entitled to his lodestar fee. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564, 92 L. Ed. 2d 439, 106 S. Ct. 3088 (1986).

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 [HN5] The factors which may be considered by the Court are:
(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case;
(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
Reed v. Rhodes, 179 F.3d 453, 471-72 n.3 (6th Cir. 1999), citing Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[*5]

In considering Plaintiff's request for fees, the Court first concludes that counsel's hourly rate, which is $125.00, is reasonable given his experience and expertise. In addition, the Court concludes that the hours expended and the work performed by Plaintiff's counsel were reasonable. The issue presented in this case was one of first impression in this circuit. Defendant is no doubt aware of the gravity of the issue presented as demonstrated by its desire to have the matter considered by the Sixth Circuit. Thus, given the nature of the case, the Court finds the hours expended by Plaintiff's counsel reasonable.

Furthermore, as Plaintiff's counsel correctly points out, [HN6] the fact that the amount of attorney's fees generated is disproportionate to the amount of damages awarded does not necessarily foreclose the recovery of fees. In City of Riverside v. Rivera, 477 U.S. 561, 91 L. Ed. 2d 466, 106 S. Ct. 2686 (1986), the Supreme Court held in the context of a fee request for a successful claim under 42 U.S.C. § 1988 that proportionality is a factor which may be considered in considering the reasonableness of a fee request, but proportionality is [*6]not necessarily required. This reasoning has been applied in other contexts. See e.g., Northeast Women's Center v. McMonagle, 889 F.2d 466 (3rd Cir. 1989) (damages of $2,261 and $64,946.11 in attorneys' fees for a claim under civil RICO statute, 18 U.S.C. § 1961); R.M. Perez and Associates, Inc. v. Welch, 960 F.2d 534 (5th Cir. 1992) (damages of $23,000 and $168,639.37 in attorneys' fees for civil RICO and securities claims). As observed by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 436, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983), "there is no precise rule or formula" for determining the reasonableness of the relation between the fee requested and the relief obtained. Thus, this Court rejects Defendant's proportionality argument and concludes that the amount requested in attorney's fees is reasonable.

Defendant does, however, seek a reduction of fees for hours expended toward the liquidated damages claim, which was resolved on summary judgment in Defendant's favor. Plaintiff contends that the hours are not easily identifiable because the issue of liquidated damages was inextricably intertwined[*7] with the underlying issue in the case. Indeed, in reviewing Plaintiff's counsel's timesheets, the Court is able to locate only one entry dealing with the liquidated damages issue. On February 25, 2002, Plaintiff's counsel billed $100.00 for research on the liquidated damages claim. n2 (Exhibit 1 attached to Plaintiff's Motion). Further, the Court agrees with Plaintiff that the issue of liquidated damages is not easily separated from the underlying issue in this case, given novelty of the FMLA question presented. Thus, the Court will reduce the sum of attorney's fees sought by $100.00.

- - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - -



n2 The Court notes that Defendant identifies additional entries on the liquidated damages issue. The entries do not reflect time spent on the liquidated damages issue. Thus, the Court will not include the entries for 2/25/02, 2/26/02, 2/28/02 and 3/1/02, for which $250.00 was billed, as time spent on liquidated damages work.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Finally, the Court concludes that Plaintiff is entitled to recovery of costs associated with this[*8] action, which amount to $1,244.99. The costs consist of the $150.00 filing fee as well as court reporter's fees for attending depositions, fees for obtaining transcripts and fees for photocopying. (Exhibit 2 attached to Plaintiff's Motion).

III.

Defendant moves for a Stay of Execution of Judgment pending appeal, pursuant to Fed. R. Civ. P. 62(d). n3 In its motion, Defendant states its intent to file an appeal immediately following the Court's resolution of the Attorney's Fees request. Defendant contends that if execution of Judgment is not stayed pending appeal, Defendant will suffer irreparable damage. Defendant further argues that it should not have to post a bond pending appeal because its ability to pay the judgment if unsuccessful is obvious.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

N3 The rule provides:
[HN7] (d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the Court.

Fed. R. Civ. P. 62(d).

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

[*9]

[HN8] Under Rule 62(d), a judgment debtor is entitled to a stay pending appeal upon the posting of a sufficient supersedeas bond. A district court may, in its discretion, grant a stay without the posting of a bond if the moving party demonstrates that its ability to pay is so plain that the cost of bond would be a waste of money. Hamlin v. Charter Township of Flint, 181 F.R.D. 348, 353 (E.D. Mich. 1998). Nonetheless, because Rule 62(d) requires posting a bond, the requirement should be waived only in "extraordinary circumstances." Id.

While this Court does not necessarily doubt Defendant's ability to pay the Judgment including the Attorney's Fees and Costs herein awarded, the Court declines to depart from the plain language Rule 62(d). Thus, the Defendant is entitled to a Stay of Execution but it must post a supersedeas bond at the time it files its Notice of Appeal of this action.

IV.

In light of the foregoing, the Plaintiff's Motion for Attorney's Fees and Costs (Doc. # 39) is GRANTED. Plaintiff is hereby AWARDED $18,112.50 in Attorney's Fees and $1,244.99 in Costs associated with this action.

Defendant's Motions for Stay of Execution[*10] of Judgment (Doc. # 30, Doc. # 41) are GRANTED. The Defendant is hereby ORDERED to post a supersedeas bond with the Clerk of this Court in amount of $23,138.69 upon its filing of a Notice of Appeal.

IT IS SO ORDERED.

2-28-2003
DATE

EDMUND A. SARGUS, JR.

UNITED STATES DISTRICT JUDGE