```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

The Kroger Company,              )
                                 )
            Plaintiff,            )   Case No. 1:02-CV-439
                                 )
    vs.                          )
                                 )
Malease Food Corporation,        )
                                 )
            Defendant.            )

O R D E R

This matter is before the Court on the parties' responses (Doc. Nos. 62 & 63) to the Court's order directing them to file supplemental memoranda on the issue of the appropriate bond to be posted by Defendant Malease Food Corporation pending an appeal of several adverse orders entered by the Court, in particular an order granting Plaintiff Kroger Company specific performance of purchase options requiring Malease to convey leasehold interests to Kroger.

On September 16, 2004, Kroger filed a motion for Malease to show cause and/or for injunctive relief. Doc. No. 53. In its motion, Kroger sought to compel Malease to convey its leasehold interests in certain parcels of real property in accordance with the Court's order granting Kroger specific performance. Malease opposed Kroger's motion on several grounds, but it was clear that Malease did not want to convey its leasehold interests for fear of jeopardizing its appellate rights. In ruling in Kroger's favor, the Court noted Malease's concerns but stated that Malease would either have to convey its

leaseholds or post a bond to stay the Court's judgment.  In its response to the Court's order (Doc. No. 62), Malease states that it will now proceed with conveying its leaseholds to Kroger, but argues that Kroger should have to post a bond to secure its interests in the properties in the event the Court's judgment is reversed on appeal.  See Doc. No. 62, at 1.

While the Court appreciates Malease's decision to convey its leaseholds to Kroger in compliance with the earlier order, its request to require Kroger to post a bond while it appeals the Court's order stands the bond issue on its head.  Although an order granting specific performance is akin to a mandatory injunction, and generally a plaintiff obtaining injunctive relief is required to post a security bond, the Court's research has not disclosed any authority which states that a plaintiff who prevailed on a claim for specific performance under a contract is required to post a bond to secure the defendant during the pendency of the defendant's appeal.  While constituting only persuasive authority, and perhaps even only anecdotal authority, the Court's survey of cases from a variety of jurisdictions indicates that where specific performance has been granted to the plaintiff, it is the defendant, not the plaintiff, who must post a bond to stay the judgment or convey the property in accordance with the Court's order.  See, e.g., Wooster Republican Printing Co. v. Channel Seventeen, Inc., 682 F.2d 165, 166 (8th Cir. 1982); Miller v. LeSea Broadcasting, Inc., 927 F. Supp. 1148, 1152 (E.D.Wis.

1996); Culbertson v. Brodsky, 775 S.W.2d 451, 452 (Tex. Ct. App. 1989); Henry v. Bitar, 5 P.3d 1277, 1278 (Wash. Ct. App. 2000); Vinson v. Marton & Assoc., 764 P.2d 736 (Ariz. Ct. App. 1988). Moreover, Malease's suggestion that it should be secured by Kroger against the Court's judgment in the event it prevails on appeal proposes a reversal of roles between the prevailing party and losing party. The burden is on the defendant to secure the prevailing plaintiff if it wants to stay a court's judgment, rather than the plaintiff securing the defendant against reversal if the judgment is executed. See United Int'l Holdings, Inc. v. The Wharf (Holdings), Ltd., 210 F.3d 1207, 1237 (10th Cir. 2000) ("A party against whom judgment has been entered may either satisfy the judgment or post a supersedeas bond."); BASF Corp. v. Old World Trading Co., 979 F.2d 615, 617 (7th Cir. 1992)("Now that BASF has carried its burden of persuasion and possesses a judgment, it is entitled to be made secure during the steps leading to the final disposition. . . Old World's belief that BASF should get nothing does not justify leaving the prevailing party at risk. A bond secures both sides: the winner is sure to recover if the judgment is affirmed, and the loser need not fear inability to recoup if the judgment is reversed."). Accordingly, Malease's motion for Kroger to post a security bond is not well-taken and is **DENIED.**

      Malease has elected to proceed with conveyance of its leaseholds. Therefore, it is hereby **ORDERED** that the parties agree to a closing date for conveyance of the subject leaseholds

within thirty (30) days of the date of this order, with the actual closing to occur no later than sixty (60) days from the date of this order.

      **IT IS SO ORDERED**

Date December 7, 2004            s/Sandra S. Beckwith
                                           Sandra S. Beckwith, Chief Judge
                                             United States District Court