**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| v. | : | **THE KROGER CO'S MOTION TO SHOW** |
| | : | **CAUSE AND FOR SANCTIONS, AND** |
| | : | **MEMORANDUM IN SUPPORT** |
| MALEASE FOODS CORP., | : | |
| | : | |
| Defendant. | : | |
| | : | |

The Kroger Co.'s ("Kroger") moves this Court to require Defendant Malease Foods Corp. ("Malease") to show cause why they refuse to obey this Court's Order in this case dated December 7, 2004. The Order requires Malease to convey its leasehold interests in the subject properties to Kroger no later than February 5, 2005, or sixty days after the order. However, Malease has failed to close, instead bickering over terms and items it wishes to add to the closing documents.

Malease's refusal is in violation of this Court's Order. As a result, Kroger moves this Court to have Malease show cause why it should not be found in contempt and ordered to pay sanctions.

This motion is supported by the attached Memorandum in Support and attachments that evidence the dialogue between Kroger and Malease.

                                                                Respectfully submitted,

                                                                /s/ Scott D. Phillips
                                                                Scott D. Phillips  (0043654)
                                                                Trial Attorney for Plaintiff
                                                                FROST BROWN TODD LLC
                                                                2200 PNC Center
                                                                201 East Fifth Street
OF COUNSEL:                               Cincinnati, Ohio 45202
                                                                (513) 651-6983

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## MEMORANDUM IN SUPPORT

**I.    Introduction**

As the court no doubt recalls, this case involves The Kroger Co.'s ("Kroger") option to purchase three industrial facilities in Texas, Kentucky and Tennessee in which Malease Foods Corp. ("Malease") has leasehold interests.  In its complaint and motion for summary judgment, Kroger requested injunctive relief specifically requiring Defendant to sell to Kroger the sites. This court ordered in summary judgment that Malease breached its obligations under the terms of the options and ordered Malease to convey its interest in these facilities to Kroger.  After initially refusing to convey its leasehold interests, Malease changed course and decided to go ahead and turn over its interests rather than post a sizeable bond in order to obtain a stay.  This court entered an order on December 7, 2004 giving Malease thirty days to agree with Kroger on a closing date, and sixty days from the date of the order to close on the property interests. (See Order, dated December 7, 2004, attached as Exhibit A).

Kroger and Malease quickly agreed to a closing date of January 15, 2005. (See e-mail exchange, attached as Exhibit B). Kroger updated its title insurance commitments, drafted the closing documents, and sent them to Malease for review. (See Letter and attachments of W. Russell Wilson to Robert W. Cinque, dated January 7, 2005, attached as Exhibit C). Malease, however, decided that it wanted to alter the closing documents and make additions that are not warranted under the terms of the contracts. (See Letter of Robert W. Cinque to W. Russell Wilson, dated January 11, 2005, attached as Exhibit D). Kroger responded to each item in order to go forward with the closing.[1] (See Letter of W. Russell Wilson to Robert W. Cinque, dated January 14, 2005, attached as Exhibit E). Since then, Kroger has not received a response from Malease, and now, not only has the agreed January 15, 2005 closing date lapsed, but also the sixty days from the December 7, 2004 date of this court's order has lapsed without a closing.

Malease has made no effort to seek relief from this court's order, and has failed to comply with it. As a result, sanctions are appropriate.

## II.     This Court's December 7, 2004 Order

This court's December 7, 2004 order came after a litany of motion practice. Each party had filed motions for summary judgment. In July, this court granted Kroger's and denied Malease's and set a trial date for the damages portion of the case. Malease dragged its feet and neither applied for a stay nor complied with the order. Although it was required to convey its property interests, Malease refused. Kroger filed a motion to show cause, and this court agreed, and granted Kroger's motion. The court ordered the parties to brief the amount of the bond to be set to permit Malease to obtain a stay

---

[1] Two main bones of contention exist: (1) Kroger intends to pay the money into the court while the damages trial is pending, because this payment is at a minimum a set-off amount from the damages caused by Malease, and (2) Malease wants to add superfluous language to the closing documents regarding the pending appeal and Malease's assumed rights on appeal.

pending the damages trial. Kroger did as ordered, but Malease instead wrote a brief that demanded that Kroger post a bond—even though Kroger was the prevailing party on summary judgment! Malease offered, however, to convey its property interests to Kroger. As a result this court issued its December 7, 2004 order.

Specifically, this court stated: "Malease has elected to proceed with conveyance of its leaseholds. Therefore, it is hereby ORDERED that the parties agree to a closing date for conveyance of the subject leaseholds within thirty (30) days of the date of this order, with the actual closing to occur no later than sixty (60) days from the date of this order."

Now more than sixty days after the order and a half a year after the July order granting Kroger's motion for summary judgment, Malease still holds its lease interests hostage and refuses to comply with this court's orders and convey the leasehold interests to Kroger.

### III.     Malease is in Civil Contempt of this December 7, 2004 Order

Malease has refused to convey its master lease interest in the properties, in direct violation of this court's order.

> 18 U.S.C.S §401 (2004) states:
>
> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command.

Here, Malease's continual refusal to sell to Kroger its interest in the subject properties is disobedience of this Order and Malease's conduct is punishable by sanctions.

"The basic proposition [in contempt proceedings] is that all orders and judgments of courts must be complied with promptly." *Maness v Meyers*, 419 U.S. 449, 458, 42 L. Ed. 2d 574, 95 S.Ct. 584 (1975). Specifically addressing injunctions, the United States Supreme Court stated: "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself, or by a higher court, its orders based on its decision are to be respected, and disobedience of them is punished." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450, 55 L. Ed. 797, 31 S.Ct. 492 (1911).

"[A]lthough civil contempt may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). "[C]ivil contempt sanctions are designed to enforce compliance with court orders and to compensate injured parties for losses sustained." *Downey v. Clauder*, 20 F.3d 681, 685 (6th Cir. 1994).

Here, where Malease is actively refusing to attend a closing and convey its master lease interests in the subject properties, Kroger is being unjustly denied access to the purchase price of the San Marcos, Texas property, and the enjoyment of free title to the Kentucky and Tennessee properties. While a trial for damages is pending, it is incumbent upon Malease to convey these interests so as to prevent those damages from continually adding up. Most importantly, this Court ordered Malease to convey its interests. Because Malease has rebuffed Kroger's desire to close on these properties, Malease is actively disobedient to this Court's Order.

**IV.     Malease's Willful Disobedience Has Cost Kroger Damages**

Between this court's July 27, 2004 order and today, Malease has done nothing to comply with this court's orders or convey its property interests to Kroger. Over six months, and Malease has not even sought a stay. Giving Malease every benefit of the doubt with respect to the July 27, 2004 order, there is no reasonable explanation for Malease's refusal to convey the properties in compliance with the December 7, 2004 order.

As stated, Kroger continues to suffer the loss of the use of millions of dollars that it will receive from H.E. Butt when Kroger delivers clear title on the San Marcos, Texas site. Kroger continues to suffer the loss associated with clear title to the Kentucky and Tennessee properties. Kroger is prejudiced by every delay that Malease introduces in its attempt to gain leverage at this late stage in the case. Until forced to do something, Malease has made it abundantly clear that it intends to do nothing—even when there is a court ordering it to do something.

Because Malease refuses to convey the properties without putting conditions and additional terms on the closing, it should face sanctions for violating the court's order. One way to determine the sanctions[2] is to examine the damages that Kroger is suffering by the continual delay introduced by Malease.

Attached as Exhibit F is Kroger's expert report on damages. This report details the damages that Kroger suffers for each day that Malease refuses to convey the properties as required by the purchase option in the lease agreement and will be the subject of the damages trial. This loss is the amount associated with the fact that Kroger did not have access to the purchase price of the San Marcos, Texas property for purposes of reinvesting it in the marketplace. Kroger's expert assumed a threshold rate for capital investments of twelve percent and calculated the monthly cost. He found the monthly net cost at $61,875.00.[3] For simplicity

---

[2] The court has discretion to determine sanctions as it sees fit. This is just one suggestion.
[3] Malease has no damages expert and no damages expert report in this case.

sake, ignoring compounding and ignoring the value of regaining clear title to the properties in Kentucky and Tennessee, this number can be converted into a daily rate by dividing by thirty. The number is $2,062.50 per day.

Taking just the time from the agreed closing date, January 15, 2005 to today, February 7, 2005, that is twenty-three days and counting. 23 days at $2,062.50 per day is $47,437.50—and counting, with another $2,062.50 per day that Malease fails to effect the closing. This is the sanction that Kroger would propose as equitable under the circumstances—$47,437.50 as of February 7, 2005, plus $2,062.50 per day until Malease conveys its property interest.

**V.     Conclusion**

For the reasons stated, Kroger respectfully requests that this Court enforce its Order, by sanctioning Malease in the amount of $47,437.50 as of February 7, 2005, plus $2,062.50 per day until Malease conveys its master lease interest in all three properties.

Respectfully submitted,

/s/ Scott D. Phillips
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
OF COUNSEL:                                  Cincinnati, Ohio 45202
                                             (513) 651-6983

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion and Memorandum in Support has been sent by ordinary United States mail, postage prepaid on this 7th day of February, 2005 to:

R. Gary Winters, Esq.  
McCaslin, Imbus & McCaslin  
900 Provident Bank Building  
632 Vine Street  
Cincinnati, OH 45202-2442

Robert W. Cinque, Esq.  
Cinque & Cinque  
845 3rd Avenue, Suite 1400  
New York, NY  10022

/s/ Scott D. Phillips

- 8 -