## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| The Kroger Co., | : | Case No.: 0-1-02 439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Sherman, M.J. |
| v. | : | |
| | : | **MEMORANDUM OF MALEASE** |
| Malease Foods Corp., formerly | : | **FOODS CORP. IN OPPOSITION** |
| known as Malese Foods Corp., | : | **TO THE KROGER CO.'S MOTION** |
| | : | **TO SHOW CAUSE** |
| Defendant. | : | |

## MEMORANDUM IN OPPOSITION

### I.    Introduction

This entirely groundless motion is predicated upon an incomplete and misleading recitation of the history of the dealings between the parties in arranging for a closing pursuant to this Court's December 7, 2004 Order which directed that a closing date be set within thirty days from the date of the Order, with the actual closing to occur no later than sixty days from the date of the Order, i.e., February 7, 2005.

As we now show, at all times Malease has been diligent in its compliance with this Court's directives.  For its part, Kroger has unconscionably delayed, and when it finally got around to dealing with the matter attempted to unilaterally impose manifestly improper and patently objectionable conditions.

## II.    Kroger's Unconscionable Delay

Annexed collectively as Exhibit "A" to this memorandum are copies of the

following correspondence exchanged between the attorneys for the parties:

| Date of Communication | Substance |
|---|---|
| 1.  December 9, 2004 | On behalf of Kroger, Mr. Dennis suggests a January 15, 2005 closing date. |
| 2.  December 14, 2004 | Malease confirms that a January 15, 2005 closing date should be no problem provided both sides can agree sufficiently in advance on all pre-closing matters including the purchase price as well as a reservation of Malease's appellate rights.<br><br>Kroger is assured of Malease's full cooperation. |
| 3.  December 15, 2004 | Kroger asks that Malease provide comments and suggested language concerning preservation of Malease's rights as previously set forth in the papers filed in the litigation. |
| 4.  December 27, 2004 | Malease again requests the pre-closing documents and advises that the reservation of rights language will be a short sentence under Kadish's signature stating that he's signing without prejudice and subject to his rights in connection with the appeal. |
| 5.  December 27, 2004 | Kroger acknowledges the prior communication from Malease and states that Kroger's real estate attorneys who are putting together the closing documents should be in touch with Malease soon. |
| 6.  December 29, 2004 | Hearing nothing, Malease again reminds Kroger that it is still waiting for the proposed |

closing documents.

Malease tells Kroger that it wishes to review the documents with real estate counsel.

7. January 7, 2005

After an initial ten day delay, Kroger finally sends a draft of the proposed closing documents which do not in any way reflect that the assignment documents are being executed with full reservation of rights and which do not accurately reflect the transaction.

Malease's basic contention has been and continues to be that any would be innocent purchaser for value should receive actual notice of all relevant facts so that it can make an independent judgment.

9. January 11, 2005

Malease responds and notes that since Kroger was sending the same documents which were in existence two years ago, Malease is at a loss to understand why Kroger has waited all this time to do so. Malease promises to promptly review the documents with real estate counsel and advise of any additional comments. Malease closes with a promise to work together with Kroger "so that the Order of Judge Beckwith may be fully and promptly implemented while at the same time the rights and positions of our respective clients are preserved."

10. January 14, 2005

Kroger responds and provides some additional information which appears to resolve the primary business points, but the parties are at loggerheads over two key issues: (1) payment of the purchase price into Court, and (2)

making

certain that the documents reflect that this transaction is being executed pursuant to a Court Order and that Malease is reserving its

3

rights.

Subsequently, the parties participated in efforts to amicably resolve the matter by settlement.  At approximately 5:30 p.m. on Friday, February 4, 2005, Malease learned that there was no possibility of discussing settlement.

## III.    Argument

Now that the Court has the complete chronology and background, it can readily see that Kroger made this motion for contempt and sanctions with the utmost bad faith.  It is manifestly improper for Kroger to present an incomplete and misleading factual recitation as a springboard for another of its groundless contempt motions.

On a substantive level, it is wrong for Kroger to ask Malease to sign transaction documents which on their face would lead an innocent purchaser for value to believe that Kroger possessed clear title unencumbered by any claim or right of Malease to rescission or restitution to which it may be entitled.   Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 88 L.Ed. 754 (1944).

Likewise, there is no basis for Kroger to tender an assignment agreement which recites that Malease has received $10.00 and other good and valuable consideration from Kroger when Kroger knows full well that it does not intend to pay Malease anything but rather wishes to obtain a *de facto* attachment of the funds by depositing them in Court simply because Kroger wants to do it that way.

4

If Kroger believes that it is entitled to an attachment, then it should comply with applicable law so that Malease can be afforded due process. Conspicuously absent from Kroger's submission here is any citation of authority which would support the notion that its entirely groundless and speculative damage claim entitles it to an attachment without a bond.

There is no sum certain here, and Malease expects to soon demonstrate at trial that Kroger is unable to adduce competent admissible evidence in support of any of its damages calculations. Malease intends to show that application of the principles of <u>Hadley</u> v. <u>Baxendale</u> coupled with Kroger's willful violation of its discovery obligations concerning production of the Butte agreement will result in Kroger taking nothing by way of damages.

## IV.    Conclusion

This utterly groundless motion by Kroger for an Order of contempt should be in all respects denied, and we leave to the sound discretion of Court the appropriate remedy for Kroger's deliberate concealment of all relevant facts.

As Malease has stated from the outset, it is ready to complete this closing provided the transaction documents are accurate and truly reflect the fact that this conveyance is being made pursuant to a judicial directive that Malease do so. Any prospective purchaser should be aware that Malease is currently prosecuting an appeal which is present by pending before the United States Court of Appeals for

the Sixth Circuit and that Malease reserves all of its rights including its objection

to this Court's assertion of jurisdiction over its person.

Respectfully submitted,

/s/ R. Gary Winters
R. Gary Winters 0018680
Attorney for Defendant
McCASLIN, IMBUS & McCASLIN
Suite 900 Provident Building
632 Vine Street
Cincinnati, Ohio 45202-2442
Telephone No.: 513-421-4646
Telefax No.:    513-421-7929
Email: rgwinters@mimlaw.com

OF COUNSEL:

Robert W. Cinque, Esq.
CINQUE & CINQUE, P. C.
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone No.: 212-759-5515
Telefax No.:    212-759-7737
Email:          CINQUE845@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2005, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ R. Gary Winters
R. Gary Winters   0018680
Attorney for Defendants
Suite 900 Provident Building
632 Vine Street
Cincinnati, OH 45202-2442
Telephone No.: 513-421-4646
Telefax No.:    513-421-7929
Email: rgwinters@mimlaw.com
