**EXHIBIT "A"**



OHIO · KENTUCKY · INDIANA · TENNESSEE

Douglas R. Dennis
(513) 651-6727
DDENNIS@FBTLAW.COM

December 9, 2004

Robert W. Cinque, Esq.
Cinque & Cinque, P.C.
845 Third Avenue
New York, NY 10022

     Re:    *The Kroger Company v. Malease Foods Corp.*
           Southern District of Ohio Court Case No.: C-1-02-439

Dear Bob:

Hopefully, the weather is treating you better in New York than it is treating us here in Cincinnati. It's not cold, but it sure is wet.

My client has asked that I seek a January 15, 2005 closing date from Mr. Kadish. Please let me know if that date is satisfactory for you.

Have a happy holiday season.

Very truly yours,

Douglas R. Dennis

DRD:vlo

cc: R. Gary Winters, Esq.

CinLibrary 0046906.0505960 1460398v.1

| Subj: | **Kroger/Malease** |
|-------|--------------------|
| Date: | 12/14/2004 11:38:59 AM Eastern Standard Time |
| From: | CINQUE845 |
| To:   | ddennis@fbtlaw.com |
| CC:   | rgwinters@mimlaw.com |

Doug:

A closing date on or about January 15, 2005 should be no problem provided both sides can agree sufficiently in advance on all pre-closing matters including of course the purchase price.

As you are aware, Malease will be closing with full reservation of all rights as previously set forth in the papers filed in the litigation. The relevant closing documents should make clear that these rights are preserved.

I look forward to hearing from you, and rest assured of my full cooperation.

Bob

| Subj: | RE: Kroger/Malease |
|---|---|
| Date: | 12/15/2004 10:54:39 AM Eastern Standard Time |
| From: | DDennis@fbtlaw.com (Dennis, Douglas R.) |
| To: | CINQUE845@aol.com ('CINQUE845@aol.com') |

Hi Bob--

Good to hear from you, hope all is well.  I was plenty jealous when you were in Italy--I think I've been about 10-12 times now and it quite simply is my favorite place to be.  Of course, it certainly helps that my wife lived there for a while and speaks perfect Italian!

Please let me know what you have in mind here, since my client is currently operating under the assumption that the closing will mirror the provisions in the lease agreements.  Let me know what specifically you envision, so I can put it to them and we can get this ball rolling.

thanks,

Doug

-----Original Message-----
**From:** CINQUE845@aol.com [mailto:CINQUE845@aol.com]
**Sent:** Tuesday, December 14, 2004 11:39 AM
**To:** ddennis@fbtlaw.com
**Cc:** rgwinters@mimlaw.com
**Subject:** Kroger/Malease

Doug:

A closing date on or about January 15, 2005 should be no problem provided both sides can agree sufficiently in advance on all pre-closing matters including of course the purchase price.

As you are aware, Malease will be closing with full reservation of all rights as previously set forth in the papers filed in the litigation.  The relevant closing documents should make clear that these rights are preserved.

I look forward to hearing from you, and rest assured of my full cooperation.

Bob

-------------------------------------------------------------

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Frost Brown Todd LLC at (513) 651-6800 (collect), so that our address record can be corrected.

-------------------------------------------------------------

---------------------- Headers ----------------------------
Return-Path: <DDennis@fbtlaw.com>

Wednesday, December 15, 2004 America Online: CINQUE845

| Subj: | **Kroger/Malease** |
|---|---|
| Date: | 12/27/2004 4:47:52 PM Eastern Standard Time |
| From: | CINQUE845 |
| To: | DDennis@fbtlaw.com |

Doug:

Following up on my voice mail message to you of today and Bob's e-mail to you of December 14th, we would appreciate receiving from you copies of all documents you wish Mr. Kadish to sign at the closing as well as all pre-closing documents. Bob needs time to review these, see the numbers and terms and discuss with real estate counsel. Regarding the reservation of rights language, Bob will give that to you but it will probably be a short sentence under Mr. Kadish's signature stating that he's signing without prejudice and subject to his rights in connection with the appeal filed.

Thanks again.

Kathy

| Subj: | **RE: Kroger/Malease** |
|---|---|
| Date: | 12/27/2004 4:57:52 PM Eastern Standard Time |
| From: | DDennis@fbtlaw.com (Dennis, Douglas R.) |
| To: | CINQUE845@aol.com ('CINQUE845@aol.com') |

Hi Kathy--hope you are having a great holidays!

I have forwarded both the voice mail and this message to our real estate attorneys who are putting together closing documents and with any luck, they will be in touch soon (or they will direct me to do so)!

Have a happy New Year's!

Doug

Doug Dennis
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
513-651-6727
513-651-6981 (fax)
ddennis@fbtlaw.com

    -----Original Message-----
    **From:** CINQUE845@aol.com [mailto:CINQUE845@aol.com]
    **Sent:** Monday, December 27, 2004 4:48 PM
    **To:** DDennis@fbtlaw.com
    **Subject:** Kroger/Malease

    Doug:

    Following up on my voice mail message to you of today and Bob's e-mail to you of December 14th, we would appreciate receiving from you copies of all documents you wish Mr. Kadish to sign at the closing as well as all pre-closing documents. Bob needs time to review these, see the numbers and terms and discuss with real estate counsel. Regarding the reservation of rights language, Bob will give that to you but it will probably be a short sentence under Mr. Kadish's signature stating that he's signing without prejudice and subject to his rights in connection with the appeal filed.

    Thanks again.

    Kathy

---

NOTICE: This electronic mail transmission is for the use of the named
individual or entity to which it is directed and may contain information
that is privileged or confidential. It is not to be transmitted to or
received by anyone other than the named addressee (or a person authorized to
deliver it to the named addressee). It is not to be copied or forwarded to
any unauthorized persons. If you have received this electronic mail
transmission in error, delete it from your system without copying or
forwarding it, and notify the sender of the error by replying via email or
by calling Frost Brown Todd LLC at (513) 651-6800 (collect), so that our
address record can be corrected.

---

| Subj: | (no subject) |
|---|---|
| Date: | 12/29/2004 4:44:21 PM Eastern Standard Time |
| From: | CINQUE845 |
| To: | ddennis@fbtlaw.com |

Doug:

We're still waiting for the proposed closing documents.  Bear in mind our real estate counsel has to review this along with me.  I can't understand what's taking so long.

Bob





*faf 1/7*

*B. mail*
*1/10/05*

OHIO · KENTUCKY · INDIANA · TENNESSEE

W. Russell Wilson
rwilson@fbtlaw.com
513-651-6733

January 7, 2005

**Via Fax and Ordinary Mail**

Robert W. Cinque, Esq.
Cinque & Cinque, P.C.
845 Third Avenue
New York, NY  10022

    Re:    The Kroger Co. v. Malease Foods Corp.

Dear Mr. Cinque:

I have attached drafts of four closing documents for your review, consisting of an "Assignment and Assumption of Lease and Two Party Agreement" for each of the three locations and a Non-Foreign Affidavit. The Assignments are in the same form as those sent to Stephen A. Helman, Esq. in October of 2002. We expect the title companies to complete the review of the title and to confirm that the laws of their respective jurisdictions have not changed so as to require changes to the forms of these documents by the middle of next week so that we can complete the closing on either Friday, January 14th or Tuesday, January 18th.

I understand that you have indicated a desire to include a reference to the pending appeal. That is completely unacceptable to our client, which expects your client to convey its interests in the property consistent with the terms of the court's order. In addition, our client has calculated the amount due Malease Foods Corp. under the terms of Paragraph 3(b)(i) of the Two Party Agreement to be $170,562.25, which will be paid into the District Court pending the trial on the amount of damages owed to our client.

200 PNC Center, 201 East Fifth Street    Cincinnati, Ohio  45202-4182    (513) 651-6800 • (513) 651-6981 fax    www.frostbrowntodd.com

Robert W. Cinque, Esq.
January 7, 2005
Page 2

Sincerely,

FROST BROWN TODD   LLC

By: _____
       W. Russell Wilson

cc:    R. Gary Winters, Esq.
       Scott D. Phillips, Esq.
       Douglas R. Dennis, Esq.

CinLibrary 1467817v.1

LAW OFFICES

# CINQUE & CINQUE, P.C.

845 THIRD AVENUE

NEW YORK, NEW YORK 10022

ROBERT W. CINQUE
JAMES P. CINQUE

TELEPHONE: (212) 759-5515
TELEFAX:  (212) 759-7737
E-MAIL: CINQUE845@aol.com

MEMBERS OF NY & CA BARS

January 11, 2005

VIA FACSIMILE - 513-651-6981

W. Russell Wilson, Esq.
Frost Brown Todd, LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182

Re:  The Kroger Co. v. Malease Foods Corp.

Dear Mr. Wilson:

Thank you for your letter of January 7, 2005 and enclosures. Since you are sending me the same documents which were in existence two years ago, I am at a loss to understand why Kroger and you waited all this time to do so. In any event, we shall promptly review them with real estate counsel and advise of any additional comments.

At this point, I would like to observe the following:

1. Please provide the formula by which the sum of $170,562.25 has been calculated.

2. Nowhere in the Two Party Agreements or any of the other relevant transaction documents is there any provision allowing the purchase price to be paid into Court. As it appears that you are seeking an attachment in order to secure a speculative damages claim, it will be necessary for you to comply with applicable law, and we reserve all rights of our client.

3. The first sentence of the recitals concerning consideration is incorrect. Obviously, based upon your letter you are not paying any money or other good or valuable consideration, and my client certainly does not acknowledge the receipt and sufficiency thereof. Rather, the assignment should make it clear that it is being executed

CINQUE & CINQUE, P. C.

Page Two
To: W. Wilson
Re: Kroger/Malease
January 11, 2005

in accordance with a mandatory injunction issued by the District Court which Order is the
subject of a pending appeal.

4.    Furthermore, the language in the second and fourth paragraphs should be
redrafted to accurately reflect the present state of affairs.

5.    With respect to choice of law, please delete Ohio and insert in its place New
York.

If Malease is successful on its appeal and ultimately prevails in this case, then it
would be entitled to a reconveyance of the three sites. While Malease has utmost respect
for Judge Beckwith's Order and intends to fully comply with it, we feel it only fair and
equitable that any potential purchaser know that while Kroger has the right to convey in
accordance with Judge Beckwith's Order there is an appeal pending. In this way, a
prospective purchaser can make an informed judgment as to whether to purchase subject
to the appeal and other rights of Malease.

I look forward to working with you so that the Order of Judge Beckwith may be
fully and promptly implemented while at the same time the rights and our positions of our
respective clients are preserved.

Sincerely yours,

ROBERT W. CINQUE

RWC:kc

cc:   R. Gary Winters, Esq.
      (Via Facsimile - 513-421-7929)



OHIO · KENTUCKY · INDIANA · TENNESSEE

W. Russell Wilson
rwilson@fbtlaw.com
513-651-6733

January 14, 2005

**Via Fax and Ordinary Mail**

Robert W. Cinque, Esq.
Cinque & Cinque, P.C.
845 Third Avenue
New York, NY  10022

   Re: The Kroger Co. v. Malease Foods Corp.

Dear Mr. Cinque:

   Thank you for your letter of January 11th. I have addressed your concerns in the order presented.

1.  Regarding the calculation of the $170,562.25, you must first refer to the formula contained in Section 3(b) of the Two Party Agreement which provides that:

    The purchase price paid by Occupancy Tenant shall be disbursed as follows:

     (i) to Master Lessee, in the event the Purchase Option is exercised at the expiration of the Fixed Term, an amount equal to: the then present value (based on the Overdue Rate) of the right to receive, for the 2 year period immediately following the Fixed Term, the difference between (A) the fixed rent under such Occupancy Lease as though the Occupancy Tenant had extended the term of such Lease for the first renewal term, and (B) the Basic Rent payable for such period for the Premises under the Master Lease; and

     (ii) the balance, if any, to the Partnership.

   The "Overdue Rate" is defined at 13.75% in Article II of the Leases dated April 1, 1983, and is incorporated pursuant to Section 11 of the Two Party Agreement. The annual rent due after April 1, 2003 under these leases is set forth in Article XX in each lease, in the following

---

2200 PNC Center, 201 East Fifth Street   Cincinnati, Ohio 45202-4182   (513) 651-6800 • (513) 651-6981 fax   www.frostbrowntodd.con

Robert W. Cinque, Esq.
January 14, 2005
Page 2

amounts: Kentucky -- $781,600; Tennessee -- $634,000; and Texas -- $744,400 (for a total of $2,160,000). The semi-annual payments due from Master Lessee under the Master Leases dated June 1, 1983 are $1,030,000, or $2,060,000. Consequently, the amounts to be reduced to a present value are four payments of $50,000 each. While I do not have the software to independently check Kroger's calculation, presumably either your client or its accountant does.

2.      I respectfully disagree with your statement that the damages are speculative. The Court has already ruled that your client has breached its obligations to transfer its interests in the three properties and a trial has been scheduled solely for the purpose of determining the amount of those damages. Given that Kroger's current demand exceeds the $170,562.25 by a substantial amount and your client likely has no assets other than its interests in these three properties, it is not reasonable to expect Kroger to pay the funds directly to Malease Foods, Inc.

3.      The reference to consideration is appropriate and commonly used for transfers of this kind. Regardless, paying funds into the Court would constitute consideration notwithstanding the fact that no money was directly received by Malease Foods, Inc. at this time.

4.      I must confess that I do not understand this comment. Please provide a specific suggestion for Kroger to consider.

5.      Rather than reference either Ohio or New York law, I propose that we reference the law of the state in which the various properties are located, so that the assignment of the property in Kentucky would be governed by Kentucky law, etc.

Although not numbered, your suggestion to include a reference to the ongoing appeal is not acceptable to Kroger. Judge Beckwith's order simply requires your client to convey its interests in the properties, not to convey its interests subject to any appeal that it may file. Kroger can adequately address this issue with any prospective purchaser without including any such provisions in the assignment documents.

Sincerely,

FROST BROWN TODD   LLC

By: _____
W. Russell Wilson

cc:     R. Gary Winters, Esq.
        Scott D. Phillips, Esq.
        Douglas R. Dennis, Esq.

