**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| v. | : | **THE KROGER CO'S REPLY TO** |
| | : | **MALEASE'S MEMORANDUM CONTRA** |
| | : | **THE KROGER CO'S MOTION TO SHOW** |
| MALEASE FOODS CORP., | : | **CAUSE AND FOR SANCTIONS,** |
| | : | |
| Defendant. | : | |
| | : | |

The Kroger Co.'s ("Kroger") has moved this Court to require Defendant Malease Foods Corp. ("Malease") to show cause why they refuse to obey this Court's Order in this case dated December 7, 2004. The Order requires Malease to convey its leasehold interests in the subject properties to Kroger no later than February 5, 2005, or sixty days after the order.

However, Malease has steadfastly refused to close, instead bickering over terms and items it wishes to add to the closing documents, in violation of this Court's Order. As a result, Kroger moves this Court to have Malease show cause why it should not be found in contempt and ordered to pay sanctions.

In response, Malease has made essentially two arguments: (1) Kroger should be forced to add language to the title indicating that Malease retains legal rights in the title while the appeal is pending; and (2) Kroger should be forced to pay the amount under the contract to Malease while the damages issues are pending, rather than paying those funds into the court to be distributed appropriately to either party at the conclusion of the damages trial.

I.    **Adding Language to the Title Documentation to Indicate that Malease Retains Legal Rights in the Properties is Unfounded and Improper**

It is unclear why Malease wants Kroger to add language to the title indicating that Malease retains its rights on appeal. Those rights are self-evident from the appeal itself. Adding a cloud to title with this language creates unnecessary uncertainty—where do Malease's rights begin or end? This Court has already ordered Malease to convey its interests in the subject properties. Malease's only right is to have its appeal of that order heard and adjudicated.

It is for this Court and the appellate court to decide Malease's rights and once it is decided, the property title should be quieted appropriately, whether in favor of Kroger or not. Adding language to the closing documents should not be permitted as it might unnecessarily diminish the property's alienability during and after the litigation is over. Following the appeal, either Malease will win a claim for damages, or it will not. Either way, Malease will have no stake in the property. Creating the uncertainty serves no one.

Specifically regarding the $11 million sale of the San Marcos, Texas property to H.E. Butt, H.E. Butt is well aware of the pending litigation, including Malease's appeal. There are no prospective other buyers of any of these properties. But even if there were, obviously Kroger could not take any action that harms Malease's appeal rights without being liable for that action should Malease ultimately prevail. Further, Kroger would likely incur additional liability from that prospective buyer if Kroger caused harm to them based on this litigation. Therefore, Malease's worries are unfounded.

Not only is Malease's requirement unfounded, but it is also improper. There is nothing in the contract or in any order that requires this language. Malease's rights are self-evident from

the appeal itself. Because there is more potential for harm than good from such language, Kroger should not be required to add any language to the existing closing documents.

**II.     It is Normal and Proper for Money in Dispute to be Paid into the Court**

Malease refuses to close and convey its property interests without receipt of the money that the contract calls for. But there is still a pending damages trial that puts those funds directly into dispute.[1]

Pursuant to the Rule 67 of the Federal Rules of Civil Procedure, "In any action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing."

The funds here are in dispute in the current action and this Court has a mechanism through the Registry under facts such as these to escrow funds that are in dispute, until the dispute is resolved.

Courts provide compensating protection of a reasonable secured bond, escrow deposit, or other mechanism when monies or property is in dispute. The purpose is to maintain the status quo during litigation. *See, e.g., General Box Company v. Rockaway Corp.*, 772 F.2d 906 (6th Cir. 1985), *citing Washington Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 476 (9th Cir. 1969), *citing Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 808-809 (9th Cir. 1963), *cert. denied*, 375 U.S. 821 (1963).

The purpose of escrow is to ensure that <u>neither</u> side gets the benefit of the use of these funds that are in dispute until the case is adjudicated. Kroger provided notice to Malease that it

---

[1] The reverse is not true about the properties themselves. This is because the Court has already ordered Malease to convey the properties.

would deposit the money with the Court. But because Malease rebuffed Kroger and refused to convey the properties, Kroger never obtained leave of the Court.

The case law is clear, and because the funds are in dispute in this action, the funds should be escrowed and not be paid out to Malease or anyone until this action is adjudicated or otherwise resolved.

**III.   Malease Remains in Violation of the Court's Order Even Today—Sanctions are Appropriate**

As the court no doubt recalls, it entered an order on December 7, 2004 giving Malease thirty days to agree with Kroger on a closing date, and sixty days from the date of the order to close on the property interests.

Now more than sixty days after the order and a half a year after the July order granting Kroger's motion for summary judgment, Malease refuses to comply with this Court's orders and convey the leasehold interests to Kroger.

Under 18 U.S.C.S §401 (2004), this Court has the power to level sanctions designed to enforce compliance with court orders and to compensate injured parties for losses sustained." *Downey v. Clauder*, 20 F.3d 681, 685 (6th Cir. 1994).

Here, where Malease is actively refusing to attend a closing and convey its master lease interests in the subject properties, Kroger is being unjustly denied access to the purchase price of the San Marcos, Texas property, and the enjoyment of free title to the Kentucky and Tennessee properties. Until forced to do something, Malease has made it abundantly clear that it intends to do nothing—even when there is a court ordering it to convey its interests in the subject properties.

If the court agrees with the recommended sanction calculated in the Memorandum in Support of the Motion to Show Cause ($2,062.50 per day) for the days from the agreed closing date, January 15, 2005 to today, February 24, 2005, that is thirty-nine days and counting. 40 days at $2,062.50 per day is $82,500.00—and counting, with another $2,062.50 per day that Malease fails to effect the closing. This is the sanction that Kroger would propose as equitable under the circumstances—$82,500.00 as of February 24, 2005, plus $2,062.50 per day until Malease conveys its property interest.

**IV.    Conclusion**

For the reasons stated, Kroger respectfully requests that this Court enforce its Order, by sanctioning Malease in the amount of $82,500.00 as of February 24, 2005, plus $2,062.50 per day until Malease conveys its master lease interest in all three properties.

Respectfully submitted,

/s/ Scott D. Phillips_____
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing Reply Memorandum has been sent by ordinary United States mail, postage prepaid on this 24th day of February, 2005 to:

| | |
|---|---|
| R. Gary Winters, Esq. | Robert W. Cinque, Esq. |
| McCaslin, Imbus & McCaslin | Cinque & Cinque |
| 900 Provident Bank Building | 845 3rd Avenue, Suite 1400 |
| 632 Vine Street | New York, NY  10022 |
| Cincinnati, OH 45202-2442 | |

                  /s/ Scott D. Phillips

CinLibrary 0046906.0505960  1482156v.1