FILED

05 FEB 28 AM 11:08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| Plaintiff, | : | Beckwith, J. |
| v. | : | |
| MALEASE FOODS CORP., | : | |
| Defendant. | : | |

## JOINT FINAL PRETRIAL STATEMENT

This action came before the Court at a final pretrial conference held on February 25, 2005 at 1:30 p.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

**I.   APPEARANCES:**

For Plaintiff The Kroger Co., ("Kroger") Scott D. Phillips, Esq. and Douglas R. Dennis, Esq., Frost Brown Todd, LLC, 2200 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202.

For Defendant Malease Foods Corp., ("Malease") R. Gary Winters, Esq., McCaslin, Imbus & McCaslin, 900 Provident Bank Building, 632 Vine Street, Cincinnati, Ohio 45202-2442 and Robert W. Cinque, Esq., Cinque & Cinque, 845 3rd Avenue, Suite 1400, New York, NY 10022, (admitted *pro hac vice* for the purposes of defending this case).

**II.   NATURE OF ACTION AND JURISDICTION:**

A.   This is an action for breach of contract on three real estate sale-leaseback contracts. This Court has already ruled on summary judgment that Malease breached its obligations under the terms of the purchase options in those contracts and has set the remaining question of compensatory damages for trial.

      B.      The jurisdiction of the Court is invoked under Title 28, United States Code, Section 1332.

      C.      The jurisdiction of the Court was disputed by Malease on personal jurisdiction grounds and resolved in favor of Kroger by Order of this Court dated September 22, 2003.

### III. TRIAL INFORMATION:

      A.      The estimated length of trial is one to one and a half days.

      B.      Trial by jury has been set for March 14, 2005 at 1:00 pm pursuant to the General Notice on Trial Assignment.

### IV. AGREED STATEMENTS AND LISTS:

      **A.**      **General Nature of the Claims of the Parties**

           **1) Kroger's Claims:**

           The only remaining issue for resolution is the matter of compensatory damages for Malease's breach of the purchase option provisions in three sale/leaseback contracts. Kroger claims the damages that arose (and continue to arise until the property interests are conveyed) as a result of the breach of these contracts.

           **2) Malease's Defenses:**

           Malease claims that:

           (a)    Kroger is precluded from any recovery of damages not within the contemplation of the parties at the time the contract was made.

           (b)    Kroger has failed to allege special damages in accordance with Texas law.

           (c)    Kroger's damage claim are speculative, lack foundation and grounded upon inadmissible hearsay.

      (d)    Pursuant to FRCP 26(a)(1)(b) and 37 Kroger is precluded from relying upon the Butt contract which is the sole predicate for its claim of consequential damages.

**B.    Uncontroverted Facts:**

The following facts are established by Orders of this Court, exhibits and deposition testimony:

a) This Court has already determined as a matter of law that the Defendant Malease "has breached its obligation to convey the subject leaseholds to [the Plaintiff] Kroger upon proper exercise of the purchase options." (Malease objects and states that this is a conclusion of law).

b) Mr. Lawrence Kadish, the owner of Malease, was aware that H.E. Butt wanted to buy the San Marcos, Texas property, and in fact, entered into a contract to sell the property to H.E. Butt conditioned upon Mr. Kadish's ability to acquire clear title to that property. (Malease objects that this is irrelevant).

c) Kroger entered a contract to sell the San Marcos, Texas property to H.E. Butt upon acquiring clear title to that property. (Malease objects and states that this contract shall be the subject of a motion to preclude).

**C.    Issues of Fact and Law:**

**1) Contested Issues of Fact:**

The contested issues of fact remaining for decision are:

a) Is the Plaintiff Kroger is entitled to damages due to the Defendant Malease's breach of its obligations under the purchase option provisions of the sale/leaseback contracts? Kroger contends that it is entitled to damages, but Malease contends that Kroger is not entitled to any damages.

b) If Plaintiff Kroger is entitled to damages, what is the amount of those damages that reasonably, fairly and adequately compensates it for the direct and proximate consequence of the breach?. Kroger contends that it is entitled to damages in the amount proven at trial by its witnesses and supporting exhibits. Malease contends that Kroger is not entitled to any amount of damages.

c) Are Kroger's damages purely speculative? Malease argues that all Kroger damages are speculative, whereas Kroger believes that its damages are directly and proximately caused by Malease's breach of its obligations to convey its leasehold interests on April 1, 2003 as required by the sale/leaseback contracts.

d) Are Kroger's damages purely special damages? Malease argues that all Kroger damages are special damages and therefore unrecoverable. Kroger believes that its damages are the direct result of Malease's breach of its obligations to convey its leasehold interests on April 1, 2003 as required by the sale/leaseback contracts and that it can prove that its damages were foreseeable by Malease.

e) Has Kroger been unable to sell the property to H.E. Butt due to Malease's refusal to convey its leasehold interests as required by the purchase option provisions of the sale/leaseback contracts?

e) Does Kroger have an internal rate of return on investments of 12 percent?

f) Had Kroger been able to consummate its sale of the San Marcos, Texas property to H.E. Butt, would Kroger have received $11,000,000 in April 2003?

### 2) Contested Issues of Law:

The parties agree that the law of the State of Texas is sufficient for resolution of all contested issues of law, as this is the state where Malease's breach of contract has caused the most damage. There are no remaining contested issues of law.

**D.  Fact Witnesses**

1) Kroger may call:

a) Edward Waldvogel—will describe the inner workings of Kroger and the losses as a result of Malease's actions.

2) Malease may call:

a) Lawrence Kadish, Edward Waldvogel, James Hodge and Jonathan Libbert.

3) The parties reserve the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

**E.  Expert Witnesses**

The parties are limited to the following number of expert witnesses, whose names have been disclosed and reports furnished to opposing counsel:

Kroger: Jonathan Libbert will testify as Kroger's expert on damages as described in his expert report.

Malease: none

**F.  Exhibits**

Joint Exhibits are listed in Appendix B, Kroger's Exhibits are listed in Appendix C, Malease's Exhibits are listed in Appendix D. To the extent there are objections to any exhibits listed in one of these appendices, the objection is properly listed.

### G. Depositions

Kroger proposes to only use depositions to rebut or impeach testimony made at trial, and therefore would enter no depositions at this time, but reserve the right to enter testimony at trial if impeachment or rebuttal is warranted.

Malease may offer the depositions of Messrs. Kadish, Hodge, Waldvogel and Libbert.

### H. Discovery

Discovery has been completed.

### I. Pending Motions

The only pending motion is Kroger's February 7, 2005 Motion to Show Cause.

### J. Miscellaneous Orders

1) The key Orders in this case are:

a) Calendar Order dated April 29, 2003.

b) Order dated September 22, 2003 denying Malease's Motion to Dismiss for Lack of Personal Jurisdiction.

c) Order dated July 27, 2004 granting Kroger's Motion for Summary Judgment in Part, and Denying it in Part; and Denying Malease's Motion for Summary Judgment.

d) Order dated November 23, 2004 granting Kroger's Motion to Show Cause and ordering Malease to either post a bond or convey its property interests; and Denying Malease's Motion to Dismiss Kroger's Damages Claim.

e) Order dated December 7, 2004 directing Malease to select a closing date within 30 days of this Order and convey its subject property interests within 60 days of this Order.

f) Notice dated December 9, 2004 setting a trial date of March 14, 2005 and pretrial schedule for the parties.

2) The foregoing stipulations and statements were amended at the final pretrial conference as follows: _____

## V.   Modification

This Final Pretrial Statement may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel or on motion of the Court.

## VI.   Trial Briefs

Trial briefs shall be filed with the Clerk of Courts on or before March 4, 2005 per Order of this Court.

## VII.   Settlement Efforts

The parties have made an effort to negotiate a settlement through the Sixth Circuit mediator, but could not reach enough common understanding for further discussion.

## VIII.   Additional Action Taken

None


Date: February 18, 2005_____


/s/ Douglas R. Dennis_____
Counsel for Plaintiff The Kroger Co.


*Difficult circumstances made it impossible for him to sign*
Counsel for Defendant Malease Foods Corp.

# APPENDIX A

## Curricula Vitae of Jonathan D. Libbert, CPA, CMA, CFE

### EXPERIENCE

Over thirty years of diversified experience with national and regional CPA and consulting firms, as well as industrial experience. Substantial individual experience in the financial institutions, construction, manufacturing, professional service, health care, retail and litigation support areas. Experience and knowledge covers the following manufacturing industries: steel, paper, plastics, chemical, various auto supply, foundry and metal working.

### CERTIFICATION AND LICENSURE

| | |
|---|---|
| 2000 | *Certified Public Accountant - CPA* - Tennessee, No. 16759 |
| 1995 | *Certified Fraud Examiner - CFE* |
| 1977 | *Certified Public Accountant - CPA* - Indiana, No. 4868R |
| 1976 | *Certified Management Accountant - CMA* |
| 1971 | *Certified Public Accountant - CPA* - Ohio, No. 6923 |

### EMPLOYMENT

| | |
|---|---|
| 1993/ | *Johnson, Cambra & Libbert, Inc.* - Shareholder |
| 1988/1993 | *Reboul, Johnson & Henderson* - Associate |
| 1984/88 | *J. W. Harris Company* - Corporate Controller |
| 1978/84 | *Stop 'N Go Foods/King Kwik Minit Market* - Controller |
| 1974/78 | *Batesville Casket Co./Div. of Hillenbrand Industries* - Asst. Controller |
| 1968/1974 | *Ernst & Ernst (Ernst & Young), CPA's* - Auditor, Consultant, Supervisor |

### EDUCATION

| | |
|---|---|
| 1969 | University of Cincinnati, Bachelor of Business Administration - Major in Accounting |

**PROFESSIONAL MEMBERSHIPS AND ACTIVITIES**

*American Institute of Certified Public Accountants*

*Ohio Society of Certified Public Accountants*
    Past Member of Litigation Services Group

*Indiana Association of Certified Public Accountants*

*National Society of Professional Insurance Investigators*
    Treasurer - National Organization
    Past Treasurer - Ohio Chapter

*Cincinnati Claims Association*
    Treasurer

*Association of Certified Fraud Examiners*

*American College of Forensic Examiners*

**TEACHING**

Taught various accounting aspects of insurance claims handling for Ohio Casualty and Travelers Insurance in Cincinnati, Chicago, Hartford and San Antonio.

**TESTIMONY AND EXPERT WITNESS**

I have testified and been named expert witness numerous times since 1988. I have also been named as an appraiser for insurance claims approximately 10 times.

# APPENDIX B

Appendix B—Joint Exhibits

JX1 – Lease between Balkhouse Properties and Kroger dated April 1, 1983.

# APPENDIX C

Appendix C—Kroger Exhibits

PX1—Expert Report of Jonathan Libbert, dated October 30, 2003.
Malease objects – failure to comply with FRCP 26 and 37.

PX2—Agreement between Kroger and H.E. Butt, dated April 12, 2002.
Malease objects – failure to comply with FRCP 26 and 37.

PX3—Declaration of Lawrence Kadish, dated April 7, 2004.
Malease objects – relevance.

PX4—Deposition of Lawrence Kadish, dated January 21, 2004.
Malease objects – relevance.

PX5-20—reserved if needed for rebuttal or impeachment

# APPENDIX D

Appendix D—Malease Exhibits

DX1 – April 10, 2003 letter from Cinque to Phillips.

DX2 – Exhibits annexed to complaint.

DX3 – Various publicly available financial information and disclosures made by Kroger including annual reports and form 10Q filed with the United States Securities and Exchange Commission.
Kroger objects – description is too vague to even know what Malease intends to use.

CinLibrary 1481383v.1