UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| v. | : | |
| | : | |
| MALEASE FOODS CORP., | : | |
| | : | |
| Defendant. | : | |

**PROPOSED JURY INSTRUCTIONS**

Kroger submits the following proposed jury instructions 1 through 5.

Plaintiff The Kroger Co. and Defendant Malease Foods Corp. agree on one joint jury instruction—Instruction 5.  Kroger and Malease do not agree on any other jury instructions.

Kroger provides Instruction 2 in the alternative, as Kroger believes that any defense that arises from the distinction between general and special damages has already been waived, as set forth in Kroger's Trial Brief and in this Court's Order dated November 23, 2004.  Instruction 2, therefore, is only appropriate if that defense is made available to Defendant Malease Foods Corp.

## No. 1-Proposed Jury Instruction

This Court has already determined as a matter of law that the Defendant Malease "has breached its obligation to convey the subject leaseholds to [the Plaintiff] Kroger upon proper exercise of the purchase options." Therefore, you are charged with determining whether the Plaintiff Kroger is entitled to damages due to the Defendant Malease's breach, and if so, the amount of those damages that reasonably, fairly and adequately compensates it for the direct and proximate consequence of the breach.[1]

The purpose of awarding compensatory damages in breach of contract actions is to compensate for damages actually incurred by placing the Plaintiff in the position it would have occupied had the contract been fulfilled in accordance with its terms.[2]

---

[1] *Press v. Davis*, 118 S.W.2d 982, 993 (Tex.Civ.App.—Ft. Worth 1938); *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438 (1940); *King v. Acker*, 725 S.W.2d 750, 756 (Tex. App.—Houston 1987); *McAllen Coca Cola Bottling Co., Inc. v. Alvarez*, 581 S.W.2d 201, 205 (Tex. Civ. App.—Corpus Christi 1979). *See, also, Payne v. Wood*, 1995 U.S. App. LEXIS 22551 (6th Cir. 1995).

[2] *Press v. Davis*, 118 S.W.2d 982, 993 (Tex.Civ.App.—Ft. Worth 1938); *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438 (1940); *King v. Acker*, 725 S.W.2d 750, 756 (Tex. App.—Houston 1987); *McAllen Coca Cola Bottling Co., Inc. v. Alvarez*, 581 S.W.2d 201, 205 (Tex. Civ. App.—Corpus Christi 1979). *See, also, Plough v. REI, Inc.*, 1993 U.S. App. LEXIS 29809 (6th Cir. 1993).

## No. 2-Proposed Jury Instruction

Under Texas law, compensatory damages are divided into two categories: general and special damages. General damages are those actual damages that are the necessary and usual result of the wrong that is the subject of the complaint.[3] General damages are conclusively presumed by law to have been foreseen or contemplated by the wrongdoer to be a consequence of the wrongful act.[4]

Special damages are actual damages that arise naturally, but not necessarily from a wrongful act. Special damages always grow out of an unusual or peculiar state of facts, which may be known to one of the parties and not the other, and follow the injury as the natural and proximate consequence by reason of the particular circumstances or conditions.[5] Special damages must be showed to have been contemplated or foreseen by the parties.[6] Special damages must be specially pleaded to be recovered.[7] Thus, Texas law limits special damages to those that are not too remote, uncertain, conjectural, or speculative.[8]

---

[3] *Meyers v. Moody*, 693 F.2d 1196, 1214 (5th Cir. [Tex.] 1982), *cert. denied* 464 U.S. 920 (1983).
[4] *Anderson Dev. Corp. v. Coastal States, Etc.*, 543 S.W.2d 402, 405 (Tex.Civ.App.—Houston 1976); *Sterling Projects, Inc. v. Fields*, 530 S.W.2d 602, 605 (Tex.Civ.App.—Waco 1975).
[5] *Hycel, Inc. v. American Airlines, Inc.*, 328 F.Supp. 190, 193 (S.D.Tex. 1971).
[6] *Sherrod v. Bailey*, 580 S.W.2d 24, 28 (Tex.Civ.App.—Houston 1979); *Hess Die Mold v. Am. Plasti-Plate Corp.*, 653 S.W.2d 927, 929 (Tex.App.—Tyler 1983).
[7] Tex. R.Civ.P. 56.
[8] *Meyers v. Moody*, 693 F.2d 1196, 1214 (5th Cir. [Tex.] 1982), *cert. denied* 464 U.S. 920 (1983).

## No. 3-Proposed Jury Instruction

The recovery of compensatory damages requires that the damages caused by the wrong could have been foreseen or contemplated by the wrongdoer.[9] An injury is shown to be foreseeable if a person of ordinary intelligence and prudence would have reasonably anticipated it under the circumstances.[10] The foreseeability element does not require that the wrongdoer foresee the precise course of the consequences of his wrongful act; it need only appear that the wrongdoer could or should have reasonably anticipated that the injury would probably result from the wrongful conduct.[11]

---

[9] *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 222 (1942).
[10] *Clark v. Waggoner*, 452 S.W.2d 437, 439-440 (Tex. 1970); *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 222 (1942).
[11] *Clark v. Waggoner*, 452 S.W.2d 437, 439-440 (Tex. 1970); *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 222 (1942).

**No. 4-Proposed Jury Instruction**

Therefore, you must decide, based on a preponderance of the evidence presented, what amount of money that the Plaintiff Kroger lost as a result of the Defendant Malease's breach of its obligation to convey the subject leaseholds to the Plaintiff Kroger and award the Plaintiff Kroger those damages. It is enough if the evidence shows the extent of the damage as a matter of just and reasonable inference, although the result is only approximate.[12]

If an award is granted, it should take into account interest from the date damages accrued.[13]

---

[12] *Walker v. Consumers Power Co.*, 824 F.2d 499 (6th Cir. 1987).
[13] *Id.*

## No. 5-Proposed Jury Instruction

Normally, a witness may not express an opinion. However, one who follows a profession may express his or her opinion because of special education, knowledge and experience. Such testimony is admitted to assist the jury in understanding the evidence or in determining a fact in issue.

Questions have been asked in which expert witnesses were permitted to assume that certain facts were true and to give an opinion based upon the assumptions. You must determine whether the assumed facts on which the expert based his opinion are true. If any assumed fact was not established by a preponderance of the evidence, you will determine the effect of that failure on the value of the opinion provided by the expert.

Questions have also been asked of expert witnesses after he disclosed the underlying facts or data. It is for you, the jury, to determine if such facts or data on which they based their opinions are true, and you will determine the weight to give such evidence.

As with other witnesses, you must decide what weight to give to the testimony of the experts. In determining its weight, consider the expert's skill, experience, knowledge, veracity, and familiarity with the facts of the case.[14]

---

[14] 1 OJI 5.70.

                                                                                 Respectfully submitted,

                                                                                 /s/ Scott D. Phillips_____
                                                                                 Scott D. Phillips  (0043654)
                                                                                 Trial Attorney for Plaintiff
                                                                                 FROST BROWN TODD LLC
                                                                                 2200 PNC Center
                                                                                 201 East Fifth Street
OF COUNSEL:                                           Cincinnati, Ohio 45202
                                                                                 (513) 651-6983

Douglas R. Dennis (0065706)
FROST BROWN TODD LLC
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing Proposed Jury Instructions have been sent by ordinary United States mail, postage prepaid  and by e-mail on this 3rd of March, 2005 to:

| | |
|---|---|
| R. Gary Winters, Esq. | Robert W. Cinque, Esq. |
| McCaslin, Imbus & McCaslin | Cinque & Cinque |
| 900 Provident Bank Building | 845 3rd Avenue, Suite 1400 |
| 632 Vine Street | New York, NY  10022 |
| Cincinnati, OH 45202-2442 | |

                                                                                 /s/ Scott D. Phillips_____