# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| The Kroger Co., | : | Case No.: 0-1-02 439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Sherman, M.J. |
| v. | : | |
| | : | **DEFENDANT'S PROPOSED** |
| Maleese Foods Corp., formerly | : | **JURY INSTRUCTIONS** |
| known as Malese Foods Corp., | : | |
| | : | |
| Defendant. | : | |

_____

Pursuant to Rules 49 and 51 of Federal Rules of Civil Procedure, defendant submits its proposed jury instructions. Defendant reserves the right to submit additional proposed jury instructions as warranted by the evidence, permitted by the Court and these rules of civil procedure.

/s/ R. Gary Winters
R. Gary Winters 0018680
Attorneys for Defendant
McCASLIN, IMBUS & McCASLIN
Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202-2442
Telephone No.: 513-421-4646
Telefax No.:    513-421-7929
Email:    RGWinters@mimlaw.com

OF COUNSEL:

Robert W. Cinque, Esq.
CINQUE & CINQUE, P. C.
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone No.: 212-759-5515
Telefax No.:    212-759-7737
Email:    CINQUE845@aol.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### Texas Law

Damages will not be awarded for lost profits that are merely speculative in nature. Proof of anticipated profits cannot be bottomed upon an uncertain condition as such a result would be speculative indeed.

**Fiberlok, Inc. v. LMS Enterprises, Inc., 976 F.2d 958 (5th Cir., 1993).**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

**Tennessee Law**

The purpose of awarding damages in a breach of contract action is to compensate for damages actually incurred. Kroger bears the burden of proving these damages and without adequate proof there can be no award of damages in any amount.

Damages are not permitted which are remote and speculative in nature. The particular lost profits being claimed here based upon Kroger's claim that it could have earned a certain return on its invested funds without any tax consequences must be demonstrated with certainty, and the particular lost profits being claimed here must not be remote, uncertain or speculative by their very nature.

**Grantham & Mann, Inc. v. American Safety Products, 831 F.2d 596 (6th Cir. 1987).**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

## Texas Law

The test for Kroger's claim here is whether a reasonable person could find that the lost profit claim is not speculative and was proved with reasonable certainty.

The damage calculation must be based on objective facts, figures or data from which the amount of lost profits can be ascertained with a reasonable degree of certainty.

**Thompson & Wallace of Memphis v. Falconwood Corp., 100 F.3d 429 (5th Cir. 1996).**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

## Texas Law

## Statistics Is a Mathematical Discipline That Requires a Definite Methodology

      In this case, in order to accept Kroger's statistical proof, you must find that it is capable reasonably of supporting mathematical inferences.

      If you find that the facts show that Kroger's claimed lost profits are too uncertain or speculative, then you are not to award any lost profits as they are not susceptible of being established by proof to that degree of certainty which the law demands.

**University Computing Co. v. Management Science America, 810 F.2d 1395 (5th Cir. 1987).**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

## Ohio Law

In a breach of contract case, before any damages can be awarded, you must find that they are the natural or probable consequence of the breach of contract or that they are damages resulting from the breach that were within the contemplation of both parties at the time of the making of the contract.

In considering whether such claimed damages are the natural or probable consequence of the breach of contract, you must find that it was foreseeable that twenty years after the agreements were made between Kroger and Malease that Kroger might decide to sell its warehouse facility.

In considering whether lost profits was in the contemplation of the parties at the time of the making of the contract you can and should look to the language of the operative agreements themselves to see the remedies set forth by agreement in the event of the breach.

**Gomez v. Huntington Trust Co., 129 F. Supp.2d 1116 (N.D. Ohio, WD, 2000).**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

**Ohio Law**


**Interest**


Interest is not to be awarded on sums that remain unliquidated until the date of judgment unless the sums are readily ascertainable by certain statistical calculations.


**Coal Resources, Inc. v. Gulf & Western Indus., Inc., 645 f. Supp. 1028 (S.D. Ohio 1986).**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

Every party entering into a commercial contract does so with the intention of earning profits.  In order for Kroger to recover here, you are required to find that the parties must have specifically contemplated a claim for lost profits when they entered the contract.  While Kroger may have had an expectation of profit, this is not enough. Kroger must show that at the time the contract was signed, both Malease and it considered the lost profits claimed here appropriate and one of the categories of damages recoverable by Kroger should the contract be breached.

**Great Earth Int'l Franchising Corp. v. Milks Development, 311 F. Supp. 419, 434-435 (S.D.N.Y. 2004).**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

## Texas Law

The loss of profits under the circumstances alleged by Kroger here constitute what the law denominates as special damages, and unless it is shown by proof in accordance with the standard upon which I am instructing you, such lost profits are not recoverable unless it is shown that they were specifically provided for in the contract, that they were in the contemplation of the parties at the time the contract was made, or that notice of their probable loss was given to Malease and that it entered into the contract in contemplation of such possibility.  Otherwise, such lost profits are not recoverable.

**Beasley Motor Co., Inc. v. Woodward, 154 S.W.2d 691, 693 (Tex. Civ. App. 1941).**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

Kroger's claim for lost profits is embodied in its complaint.  I instruct you that under the law, this complaint must be specific and detailed enough so as to inform Malease as to the facts upon which Kroger based its allegations of loss of profits.

Malease was entitled to know from the Kroger complaint the details concerning the manner in which the profits arose; the gross receipts of Kroger that would have been made but for the failure of Malease to comply with its contract; the expenses and income tax obligations that would have been incurred and other items of a similar nature that would have been involved so that Malease could prepare its defense to the contention that certain profits were lost by Kroger.

**Community Public Service Co. v. Grey, 107 S.W.2d 495; Beasley Motor Co., Inc. v. Woodward, 154 S.W.2d 691, 693 (Tex. Civ. App. 1941).**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2005, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  R. Gary Winters
R. Gary Winters 0018680
Attorneys for Defendant
Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202-2442
Telephone No.: 513-421-4646
Telefax No.:     513-421-7929
Email:      RGWinters@mimlaw.com