## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| The Kroger Co., | : | Case No.: C-1-02 439 |
| | : | |
| Plaintiff, | : | Judge Beckwith |
| | : | |
| v. | : | **MALEASE FOODS CORP.'S** |
| | : | **MOTION IN LIMINE TO PRECLUDE** |
| Malease Foods Corp., formerly | : | **KROGER'S RELIANCE UPON THE** |
| known as Malese Foods Corp., | : | **BUTT AGREEMENT** |
| | : | |
| Defendant. | : | |

I.    **Introduction**

In accordance with the directive of this Court at the final pre-trial conference held on February 25, 2005, Malease Foods Corp. moves *in limine* pursuant to F.R.C.P. 26(a)(1)(B) and 37 to preclude Kroger from relying upon an alleged agreement dated April 12, 2002 between Kroger and H.E. Butt Grocery Company ("the Butt Agreement").

II.    **Argument**

This action was commenced on June 14, 2002.  Pursuant to Magistrate Judge Sherman's April 29, 2003 Calendar Order (Exhibit A), the discovery deadline was February 1, 2004.

Contrary to the assertions by counsel for Kroger at the pre-trial conference, the

Butt Agreement was <u>not</u> produced prior to the discovery deadline.  Rather, the first time

the Butt Agreement surfaced was as an attachment to the Libbert declaration in support

of Kroger's motion for summary judgment which was filed on February 27, 2004.  The

Butt Agreement was also forwarded to counsel by Malease under cover of Mr. Dennis'

February 25, 2004 letter (Exhibit "B") to which a series of  documents bearing Bates

Stamp numbers LIB000001, *et seq.*  Among this grouping and annexed as Exhibit "C" is

LIB000031 which is the first page of the Butt Agreement.

   The first reference to the Butt Agreement was in the hearsay statements contained

in the Libbert expert report dated October 30, 2003 (Exhibit "D"). Inexplicably, although

Libbert purported to rely upon the Butt Agreement for his damage calculation, the only

exhibit to his report is Schedule A which contains a series of mathematical calculations.

The Butt Agreement was not annexed to the report.[1]    The provisions of the Federal

Rules applicable here were reviewed in <u>King</u> v. <u>Pension Trust Fund,</u> 2003 WL 22071612

(E.D.N.Y. 2003) where as here defendant on a motion for summary judgment included

an IRS letter that it had never produced before.  As noted by the Court:

>    It is undisputed that the IRS letter should have been disclosed
>    under the automatic disclosure rules of the Federal Rules of
>    Civil Procedure.  See Fed.R.Civ.P. 26(a)(1)(B) ("a party
>    must, without awaiting a discovery request, provide to other

---

[1]   While production of the Butt Agreement at this late date would not have constituted
compliance with FRCP 26, at least Kroger could have sought to be relieved of its default in
compliance with Rule 26 by arguing that at least it did produce the document prior to the
discovery deadline fixed by Judge Sherman.

parties: ...(B) a copy of, or a description by category and location of, all documents...that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment").

It is also undisputed that the letter was never produced. Under Rule 37 of the Federal Rules:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The Butt Agreement is the linchpin for Kroger's entire claim for consequential damages. This is a critical document which should unquestionably have been produced at the outset of the litigation in accordance with FRCP 26 without Kroger's awaiting a discovery request from Malease.

Indeed, at the start of discovery, Malease specifically reminded Kroger of its initial disclosure obligations.  In compliance with the provisions of FRCP 26(a)(1), and by letter dated April 10, 2003 (Exhibit "E" hereto), Malease made its designations. Although Malease had no obligation to do so, Malease went on at page 3 of that letter to tell Kroger:

We expect that as part of its initial disclosure in accordance with Rule 26 Kroger will provide all documents arising out of, relating to or concerning the transactions described in the July 24, 2001 letter from Balkhouse

3

Associates and Kroger to Malease.  This would include <u>any and all documents from the first moment that the transaction was contemplated, conceived, communicated or discussed through and including the date of production.</u>  (emphasis added).

Finally, Malease concluded its letter with the statement:

Of course, nothing in the foregoing specification is intended to in any way limit the obligations of Kroger as imposed by FRCP 26(a)(1).

Given the importance of the Butt Agreement to Kroger's damage claim, it is difficult if not impossible to understand why Kroger acted in blatant disregard of the requirement of FRCP 26 and 37 and why it further compounded its omission by first producing the document after the discovery deadline of February 1, 2004.  If the Federal Rules and Orders of Magistrate Judges appointed to supervise discovery are to have any meaning, then this is a classic illustration of why preclusion is appropriate.

## III.    Conclusion

Without question, the Butt Agreement is the keystone of Kroger's damage claim. Kroger can offer no legitimate excuse or justification for its failure to produce this crucial document in accordance with the requirements of the Federal Rules and the Order of Magistrate Judge Sherman.

The motion *in limine* to preclude use of the Butt Agreement at trial should be granted.

Respectfully submitted,

/s/ R. Gary Winters
R. Gary Winters 0018680
Attorneys for Defendant
McCASLIN, IMBUS & McCASLIN
Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202-2442
Telephone No.: 513-421-4646
Telefax No.:     513-421-7929
Email:     RGWinters@mimlaw.com

OF COUNSEL:

Robert W. Cinque, Esq.
CINQUE & CINQUE, P. C.
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone No.: 212-759-5515
Telefax No.:     212-759-7737
Email:          CINQUE845@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2005, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  R. Gary Winters
R. Gary Winters 0018680
Attorneys for Defendant
Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202-2442
Telephone No.: 513-421-4646
Telefax No.:    513-421-7929
Email:      RGWinters@mimlaw.com