**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| | : | |
| v. | : | **THE KROGER CO'S MOTION FOR** |
| | : | **LEAVE TO AMEND ITS MOTION TO** |
| | : | **SHOW CAUSE AND FOR SANCTIONS,** |
| MALEASE FOODS CORP., | : | **AND MEMORANDUM IN SUPPORT** |
| | : | |
| Defendant. | : | |
| | : | |

The Kroger Co.'s ("Kroger") previously moved this Court to require Defendant Malease Foods Corp. ("Malease") to show cause why they refused to obey this Court's Order in this case dated December 7, 2004. The Order requires Malease to convey its leasehold interests in the subject properties to Kroger no later than February 5, 2005, or sixty days after the order. However, Malease has failed to close, instead bickering over terms and items it wished to add to the closing documents, then providing radio silence ever since.

Malease's refusal remains a violation of this Court's Order. As a result, Kroger moved this Court to have Malease show cause why it should not be found in contempt and ordered to pay sanctions.

Since this issue was briefed, the parties held a jury trial on damages. At that trial, the jury awarded Kroger $1,125,000.00 and the court reduced that amount to $440,000. About that same time, Malease's counsel represented to Kroger's counsel that Malease did not have any assets except the leasehold interest in the properties.[1] Therefore, Malease continues to refuse

---

[1] See page 6, lines 3-18 from the Deposition of Lawrence Kadish dated January 21, 2004, attached as Exhibit A.

obey the court with impunity, as it believes that it is judgment-proof both from the trial award and also from any sanction for its refusal to convey its leasehold interests.

As a result, Kroger requests leave to amend its Motion to Show Cause in order to compel sanctions not against Malease, but rather directly against the individual controlling Malease—Mr. Lawrence Kadish. Kroger also requests that it be permitted to update it's requested sanctions through the date of this Motion.

This motion is supported by the attached Memorandum in Support and attachments that evidence the dialogue between Kroger and Malease.

        Respectfully submitted,

        /s/ Scott D. Phillips
        Scott D. Phillips  (0043654)
        Trial Attorney for Plaintiff
        FROST BROWN TODD LLC
        2200 PNC Center
        201 East Fifth Street
OF COUNSEL:        Cincinnati, Ohio 45202
        (513) 651-6983

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

**MEMORANDUM IN SUPPORT**

**I.     Introduction**

As the court no doubt recalls, this case involves The Kroger Co.'s ("Kroger") option to purchase three industrial facilities in Texas, Kentucky and Tennessee in which Malease Foods Corp. ("Malease") has leasehold interests. This court entered an order on December 7, 2004

giving Malease thirty days to agree with Kroger on a closing date, and sixty days from the date of the order to close on the property interests.

Kroger and Malease quickly agreed to a closing date of January 15, 2005. Malease, however, decided that it wanted to alter the closing documents and make additions that are not warranted under the terms of the contracts. Since early January, Kroger has not received a response from Malease, and now, far more than the sixty days from the December 7, 2004 date of this court's order has lapsed without a closing.

Malease has made no effort to seek relief from this court's order, and has failed to comply with it. As a result, sanctions are appropriate.

## II.     Malease is in Civil Contempt of this December 7, 2004 Order

Malease has refused to convey its master lease interest in the properties, in direct violation of this court's order.

> 18 U.S.C.S §401 (2004) states:
>
> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command.

Here, Malease's continual refusal to sell to Kroger its interest in the subject properties is disobedience of this Order and Malease's conduct is punishable by sanctions.

"The basic proposition [in contempt proceedings] is that all orders and judgments of courts must be complied with promptly." *Maness v Meyers*, 419 U.S. 449, 458, 42 L. Ed. 2d 574, 95 S.Ct. 584 (1975). Specifically addressing injunctions, the United States Supreme Court

stated: "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself, or by a higher court, its orders based on its decision are to be respected, and disobedience of them is punished." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450, 55 L. Ed. 797, 31 S.Ct. 492 (1911).

"[A]lthough civil contempt may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). "[C]ivil contempt sanctions are designed to enforce compliance with court orders and to compensate injured parties for losses sustained." *Downey v. Clauder*, 20 F.3d 681, 685 (6th Cir. 1994).

Here, where Malease is actively refusing to attend a closing and convey its master lease interests in the subject properties, Kroger is being unjustly denied access to the purchase price of the San Marcos, Texas property, and the enjoyment of free title to the Kentucky and Tennessee properties. Because Malease has rebuffed Kroger's desire to close on these properties, Malease is actively disobedient to this Court's Order.

**IV.    Malease's Willful Disobedience Has Cost Kroger Damages**

There is no reasonable explanation for Malease's refusal to convey the properties in compliance with the December 7, 2004 order. Mr. Kadish is the sole decision-maker for Malease.[2] As such, the sole decision-maker for Malease, Mr. Lawrence Kadish, should be made to bear sanctions in order to ensure compliance with the order.

As stated, Kroger continues to suffer the loss of the use of $11 million that it will receive from H.E. Butt when Kroger delivers clear title on the San Marcos, Texas site. Kroger continues to suffer the loss associated with clear title to the Kentucky and Tennessee properties. Kroger is prejudiced by this delay that Malease introduced in its attempt to gain leverage over Kroger at

this late stage in the case.  Until forced to do something, Mr. Kadish has made it abundantly clear that he intends to do nothing—even when there is a court ordering it to do something.

Because Mr. Kadish refuses to convey the properties without putting conditions and additional terms on the closing, he should face sanctions for violating the court's order.  One way to determine the sanctions[3] is to examine the damages decided by the jury.

Kroger's expert report on damages stated the monthly net cost at $61,875.00.[4]  For simplicity sake, ignoring compounding and ignoring the value of regaining clear title to the properties in Kentucky and Tennessee, this number can be converted into a daily rate by dividing by thirty.  The number is $2,062.50 per day at 12 percent.  The jury divided this number in half to six percent in determining the damages, and the court further cut the number to two percent.  So for purposes of sanctions, this number can be divided by six as well—which is $343.75 per day.

Taking just the time from the agreed closing date, January 15, 2005 to today, April 1, 2005, that is seventy-six days and counting.  76 days at $343.75 per day is $26,125.00—and counting, with another $343.75 per day that Mr. Kadish fails to effect the closing.  This is the sanction that Kroger would propose as equitable under the circumstances—$26.125.00 as of April 1, 2005, plus $343.75 per day until Malease conveys its property interest.

**V.      Mr. Kadish Should Be Made To Pay The Sanctions Directly**

Malease's counsel represented to Kroger's counsel that Malease did not have any assets except the leasehold interest in the properties.  This is also borne out by Mr. Kadish himself at his deposition, where he was asked, "Does Malease owne any other assets other than those you just described [the property interests]?"

---

[2] See page 6, lines 3-18 from the Deposition of Lawrence Kadish dated January 21, 2004, attached as Exhibit A.
[3] The court has discretion to determine sanctions as it sees fit.  This is just one suggestion.

Mr. Kadish answered, "Not that I recall."

He was asked, "Who are the shareholders or owners of Malease?"

Mr. Kadish responded, "Lawrence Kadish."[5]

Therefore, Malease continues to refuse obey the court with impunity, as it believes that it is judgment-proof both from the trial award and also from any sanction for its refusal to convey its leasehold interests. It is for the court to change Mr. Kadish's—and Malease's—behavior.

## VI.   Conclusion

For the reasons stated, Kroger respectfully requests that this Court enforce its Order, by sanctioning Malease in the amount of $26, 125.00 through April 1, 2005, plus $343.75 per day until Malease conveys its master lease interest in all three properties.

Respectfully submitted,

/s/ Scott D. Phillips
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

---

[4] Malease has no damages expert and no damages expert report in this case.
[5] See page 6, lines 3-18 from the Deposition of Lawrence Kadish dated January 21, 2004, attached as Exhibit A.

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing Motion and Memorandum in Support has been sent by ordinary United States mail, postage prepaid on this 1st day of April, 2005 to:

| | |
|---|---|
| R. Gary Winters, Esq. | Robert W. Cinque, Esq. |
| McCaslin, Imbus & McCaslin | Cinque & Cinque |
| 900 Provident Bank Building | 845 3rd Avenue, Suite 1400 |
| 632 Vine Street | New York, NY  10022 |
| Cincinnati, OH 45202-2442 | |

                                      /s/ Scott D. Phillips

CinLibrary 0046906.0505960  1491346v.1