## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| THE KROGER CO., | : | Case No.: C-1-02-439 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | |
| v. | : | **THE KROGER CO'S REPLY** |
| | : | **MEMORANDUM IN SUPPORT OF ITS** |
| | : | **MOTION FOR LEAVE TO AMEND ITS** |
| | : | **MOTION TO SHOW CAUSE AND FOR** |
| MALEASE FOODS CORP., | : | **SANCTIONS** |
| | : | |
| Defendant. | : | |

    This Motion is very simple. The Court ordered Defendant Malease Foods Corp. ("Malease") to convey its leasehold interest in the properties back in July 2004. Malease didn't do it. The Kroger Co. ("Kroger") filed a motion to show cause. The Court granted the motion and ordered Malease to convey the properties in December 2004. Again, Malease didn't do it. So here Kroger is again asking the court to enforce its orders.

    Malease says that it stands ready to convey the properties. But it is now April 2005 and Malease still holds its leasehold interests. Malease says that all it wants is to add language to closing documents. But there is no call for adding any language to the documents in any contract or order of this Court. This is just something Malease made up in order to add yet another hurdle and prevent the closing from occurring.

    The same is true about the money that Kroger was to pay Malease. Back in December, the damages trial was pending. The amount of money that Kroger would owe Malease under the contract was roughly $170,000. Kroger offered to put that money into escrow until completion of the damages trial. And with good reason, since Kroger has since won the damages trial in an

amount more than double the total that Malease might have hoped to receive under the contract. But again, Malease refused.

Who controls Malease? Lawrence Kadish controls Malease.[1] This Court has the authority to order sanctions against individuals—whether parties or not—who refused to obey court orders. 18 U.S.C.S §401 (2004).[2] The only way that this Court is going to get Malease to obey its July and December orders and convey the property interests is to sanction Lawrence Kadish. Nothing else to this point has worked.

Kroger has offered one way to calculate sanctions in its Motion. The method and/or amount is completely discretionary for this Court. But until this Court does something to make Mr. Kadish feel sufficient monetary pain, Malease will continue to disobey the July and December orders, and Kroger will continue to incur losses as a result.

Respectfully submitted,

/s/ Scott D. Phillips_____
Scott D. Phillips  (0043654)
Trial Attorney for Plaintiff
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6983

OF COUNSEL:

Douglas R. Dennis (0065706)
FROST BROWN TODD LLP
2200 PNC Center
201 E. Fifth Street
Cincinnati, OH 45202
(513) 651-6727

---

[1] Kadish deposition excerpt attached to Motion to Amend the Motion to Show Cause.
[2] Malease says that Kroger has not supported this Motion with case citations—there are plenty cited in the Motion to Show Cause. The most important of those is 18 U.S.C.S §401 (2004), which gives this Court direct authority to punish Mr. Kadish for Malease's contempt of court.

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Reply Memorandum has been sent by ordinary United States mail, postage prepaid on this 19th day of April, 2005 to:

| | |
|---|---|
| R. Gary Winters, Esq.<br>McCaslin, Imbus & McCaslin<br>900 Provident Bank Building<br>632 Vine Street<br>Cincinnati, OH 45202-2442 | Robert W. Cinque, Esq.<br>Cinque & Cinque<br>845 3rd Avenue, Suite 1400<br>New York, NY  10022 |

                                /s/ Scott D. Phillips

CinLibrary 0046906.0505960  1498882v.1