# EXHIBIT D

LAW OFFICES
## CINQUE & CINQUE, P.C.
845 THIRD AVENUE
NEW YORK, NEW YORK 10022

ROBERT W. CINQUE
JAMES P. CINQUE

MEMBERS OF NY & CA BARS

TELEPHONE: (212) 759-5515
TELEFAX:   (212) 759-7737
E-MAIL: CINQUE845@aol.com

January 11, 2005

<u>VIA FACSIMILE - 513-651-6981</u>

W. Russell Wilson, Esq.
Frost Brown Todd, LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182

    Re: <u>The Kroger Co. v. Malease Foods Corp.</u>

Dear Mr. Wilson:

    Thank you for your letter of January 7, 2005 and enclosures. Since you are sending me the same documents which were in existence two years ago, I am at a loss to understand why Kroger and you waited all this time to do so. In any event, we shall promptly review them with real estate counsel and advise of any additional comments.

    At this point, I would like to observe the following:

    1. Please provide the formula by which the sum of $170,562.25 has been calculated.

    2. Nowhere in the Two Party Agreements or any of the other relevant transaction documents is there any provision allowing the purchase price to be paid into Court. As it appears that you are seeking an attachment in order to secure a speculative damages claim, it will be necessary for you to comply with applicable law, and we reserve all rights of our client.

    3. The first sentence of the recitals concerning consideration is incorrect. Obviously, based upon your letter you are not paying any money or other good or valuable consideration, and my client certainly does not acknowledge the receipt and sufficiency thereof. Rather, the assignment should make it clear that it is being executed

PAGE 1/2 * RCVD AT 1/11/2005 5:18:42 PM [Eastern Standard Time] * SVR:RIGHTFAX/5 * DNIS:50 * CSID:212 759 7737 * DURATION (mm-ss):01-22

1071

CINQUE & CINQUE, P. C.

Page Two
To: W. Wilson
Re: Kroger/Malease
January 11, 2005

in accordance with a mandatory injunction issued by the District Court which Order is the subject of a pending appeal.

4. Furthermore, the language in the second and fourth paragraphs should be redrafted to accurately reflect the present state of affairs.

5. With respect to choice of law, please delete Ohio and insert in its place New York.

If Malease is successful on its appeal and ultimately prevails in this case, then it would be entitled to a reconveyance of the three sites. While Malease has utmost respect for Judge Beckwith's Order and intends to fully comply with it, we feel it only fair and equitable that any potential purchaser know that while Kroger has the right to convey in accordance with Judge Beckwith's Order there is an appeal pending. In this way, a prospective purchaser can make an informed judgment as to whether to purchase subject to the appeal and other rights of Malease.

I look forward to working with you so that the Order of Judge Beckwith may be fully and promptly implemented while at the same time the rights and our positions of our respective clients are preserved.

Sincerely yours,

ROBERT W. CINQUE

RWC:kc

cc: R. Gary Winters, Esq.
    (Via Facsimile - 513-421-7929)

PAGE 2/2 * RCVD AT 1/11/2005 5:18:42 PM [Eastern Standard Time] * SVR:RIGHTFAX/5 * DNIS:50 * CSID:212 759 7737 * DURATION (mm-ss):01-22

1072